## PARTIES TO THIS COMPLAINT AND EMERGENCY MOTION

### A. THE PLAINTIFF

1. The Plaintiff in this Complaint and Emergency Motion is Danielle Victor, who has been forced to represent herself in her pending LASC case as a result of a torturous and bias litigation. It was **not** Ms. Victor's choice to be representing herself for over a year in a litigation that has denied her of all of her civil and constitutional rights. It was **not** Ms. Victor's choice to be representing herself in a litigation that has been sabotaged by the Defendants, each of them, who have worked together, with one another, to ensure Ms. Victor is silenced about what she has endured, and continues to endure, by the Defendants, each of them. It was **not** Ms. Victor's choice to have to flee from Los Angeles, California, a place she lived for nearly six years, back to Massachusetts with her family for safety from the Defendants, each of them. It was **not** Ms. Victor's choice to be subjected to a civil conspiracy that extends from the California Labor Commissioner's office, to the U.S.District Court, Central District of California, to the Los Angeles Attorney General's Office, throughout and within the LASC, to the State Bar of the State of California, and extends further within and throughout multiple Federal agencies in the State of California; Federal agencies that have been created to prevent the exact crimes that the Defendants have committed, and continue to commit, to protect their own personal, financial, social, and/or political interests. Ms. Victor is a victim and is also the Plaintiff and it is of utmost importance that this Emergency Motion is expedited to prevent her from being victimized, tortured, subjected to further prejudice, harassed, or

retaliated against further. The injuries that Ms. Victor has already incurred is irreparable and the Defendants, each of them, will continue to cause such irreparable injury to protect their own interests, this includes Defendants who are Governmental officials, whose duty is to uphold the laws of the United States as well as the laws of the State they preside in, but, who rather, have abused the process for their own personal interests.

**B. THE DEFENDANTS**

2. As stated above, the Defendants listed on Page 1 of this Motion are JUDGE YOLANDA OROZCO, in her full capacity; PAUL MARCIANO, an individual; JUDGE LINDA MILLER, in her full capacity; THE STATE OF CALIFORNIA, in its full capacity; THE COUNTY OF LOS ANGELES, in its full capacity; JUDGE DALE S. FISCHER, in her full capacity; JUDGE STEVE KIM, in his full capacity; JUDGE ANDRE BIROTTE JR., in his full capacity; JUDGE MARIA A. AUDERO, in her full capacity; JAMS, INC., a corporation operating under Delaware law; ROB BONTA, in his full capacity as the Attorney General of the State of California; CITY OF LOS ANGELES LLC, a California limited liability company; ET AL. However, attached in **Exhibit 1,** you will find the continued list of all named Defendants for this Complaint/Motion which included Federal and State Court Judges, lawyers, law firms, and all other co-conspirators who have, and continue to, contribute to Ms. Victor's endless suffering which has caused her irreparably injury, including their attempt to dismiss her case and silence her. The Defendants listed in **Exhibit 1** are responsible, in whole, or in part, for all damages done to the Plaintiff. The Defendants, each of them, have, in whole, or in part, been involved in the Federal crimes listed above

and unless this injunction is enforced **immediately** they will continue to engage in unlawful conduct, conduct that protects themselves, each other, their crimes, and their secrets, which has been, and will continue to be, at Ms. Victor's emotional, physical, mental, and financial expense.

## JURISDICTION

### A. This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C §1332

3. Pursuant to 28 U.S.C. §1332, this court has jurisdiction over this action because it is between citizens of different states, and the amount of controversy is greater than $75,000, exclusive of interests and costs. The Defendants named in this Complaint and Emergency Motion result in complete diversity of citizenship among the parties.

4. Ms. Victor, the Plaintiff, now resides in Methuen, Massachusetts, Essex County, after fleeing Los Angeles County, State of California, for her safety, which was a direct result of the unlawful conduct of each and every named Defendant. As mentioned above and herein, Pursuant to 28 U.S.C. §1332, this court has jurisdiction over this action because it is between citizens of different states, including, but not limited too, Massachusetts, Delaware, New York, New Jersey, California, and foreign countries. Ms. Victor is a resident of the State of Massachusetts, Essex County. There is complete diversity between the Plaintiff and the Defendant's in this action, and this Court has subject matter jurisdiction.

5. The amount in controversy meets the jurisdiction requirements, as Ms. Victor is seeking millions of dollars in damages, interest and fees, in addition to all other remedy

the Court deems proper. It will be apparent in this Complaint and Emergency Motion why the amount in controversy is well in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs, giving this Court subject matter jurisdiction.

**B. This Court has Jurisdiction Because This Action Arises Under the Constitution, Laws, or Treaties of the United States Pursuant to 28 U.S.C. §1331**

6. Pursuant to 28 U.S.C. §1331, this Court has jurisdiction over this action because this action arises under the Constitution, laws, or treaties of the United States. Multiple claims that were made above and herein arise under the Constitution, laws, or treaties of the United States giving the District Court original jurisdiction of Ms. Victor's action. Mentioned above was a list of United States Codes of law that have been violated by the Defendants, each of them. It must be acknowledged that the list is long and extensive, which also supports Ms. Victor's dire need for emergency relief/judgement, injunction, and restraining orders against the Defendants, each of them, because the Defendants, each of them, will stop at nothing to ensure that Ms. Victor's day in Court be denied.

7. The Amendments of the United States Constitution that have been violated by the Defendants, each of them, and continue to be violated, are as follows:

- Amendment I, ("First Amendment"), Religion, Speech, Press, Assembly, Petition. "*Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.*" The Defendants, each of them, have

interfered with Ms. Victor's free exercise to freedom of speech or of the press and her right to petition the government, as Ms. Victor has tried to use her social media platform to discuss the corruption throughout her current litigation. Currently, Ms. Victor's Facebook Page, that she shares with her twin sister Gabrielle Victor ("Gabi" or "Plaintiff's twin sister"), which has 4.2 million followers, has been mysteriously hacked and she and the Plaintiff's twin sister have been refused re-access to their page by Facebook employees despite providing more than enough evidence to prove the page belongs to them and has been their page for over a decade, a page that was also linked to Ms. Victor's verified Instagram page. In addition, all of Ms. Victor's Facebook posts, including posts of her pending litigation and the corruption throughout, have been mysteriously deleted from her page as well. This is not a coincidence nor an accident, it is the Defendants direct interference of Ms. Victor's attempts to exercise her First Amendment rights. For example, Judge Orozco, a named Defendant on this action, has given money to both Facebook and Instagram for investments. It is not an impossibility that with one phone call and a request by Judge Orozco, the Victor Twins are now locked out of their largest social media platform. Who else within the named Defendants has personally invested or has social or political affiliations with Facebook? This is **not** a coincidence this is a calculated move to silence Ms. Victor, restrict her from exercising her First Amendment rights, while the Defendants scramble to unlawfully dismiss her

pending LASC case. This will all be highlighted in the potential Federal Complaint she plans on filing when she is appointed an attorney by this court.

- Amendment IV, ("Fourth Amendment"), Search and Seizure. *"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."* Ms. Victor has not been secure in her persons, papers, and effects, against unreasonable searches and seizures. The Defendants, each of them, have hacked her devices, deleted evidence and files from her phone and computer, and have invaded her privacy to attempt to conceal their civil conspiracy, criminal activity, and corruption. Ms. Victor's belongings were held hostage for eight months upon fleeing the property of Zen Hollywood Apartments ("Zen Hollywood"). Upon return of her items Ms. Victor realized that nearly sixty percent of everything she has every owned was taken by the movers, including paperwork to sell her Acura TSX, paperwork the California Department of Motor Vehicles refuses to mail to Ms. Victor despite Ms. Victor paying the fees and costs for such. Ms. Victor's belongings being held hostage allowed the Defendants, each of them, to go through all of her belongings to search for any evidence Ms. Victor had against them and/or to destroy any evidence Ms. Victor could find and use against them upon the return of her items. None of this was an accident, or bad luck, or bad

timing, this was all retaliation and a cruel and unusual way to perform unlawful search and seizures of Ms. Victor's property and of her technology devices. This will all be highlighted in the potential Federal Complaint she plans on filing when she is appointed an attorney by this court.

- Amendment V, ("Fifth Amendment"), Grand Jury, Double Jeopardy, Self-Incrimination, Due Process, has been violated by the Defendants, each of them, which states: "*No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use, without just compensation.*" Ms. Victor has been, and continues to be, deprived of life, liberty, and property without due process of law by the Defendants, each of them. How the Defendants, each of them, have deprived Ms. Victor of life, liberty, and property without due process will be explained in detail herein this brief and also continued in the potential Federal Complaint she plans on filing when she is appointed an attorney by this court.
- Amendment VII, ("Seventh Amendment)", Common Law Suits- Jury Trial, has been violated, which states: *"In suits at common law, where the value in*

*controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law."* Ms. Victor from the very beginning of signing a retainer, with her former attorney's in her pending LASC Case, has always demanded a jury trial. However, all Defendants, each of them, have worked tirelessly with one another to ensure Ms. Victor was, and is, denied the right to a jury trial. Instead her case was unlawfully thrown into arbitration where it had, and has, zero jurisdiction. In fact, her case being thrown in arbitration is a strategic move the Defendants, each of them, did for their own financial gain and profits, a pattern that has been repeated on multiple cases that should have been marked as related or coordinated with Ms. Victor's but were not. This will all be explained fully in this brief and also continued in the potential Federal Complaint Ms, Victor plans on filing when she is appointed an attorney by this court.

- Amendment VIII, ("Eighth Amendment"), Excess Bail or Fines, Cruel and Unusual Punishment, has been violated by the Defendants, each of them, which states: *"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."* From denying Ms. Victor **all** of her civil and constitutional rights, interfering with her rights to due process, the hacking of her technology devices, to her attempted murder, amongst other things, the Defendants, each of them, have inflicted cruel and unusual punishment to Ms.

Victor, intentionally, maliciously, and willfully. Parts of the Defendants cruel and unusual punishment will be described herein and also continued in the potential Federal Complaint Ms. Victor plans on filing when she is appointed an attorney by this court.

- Amendment XIII, ('Thirteenth Amendment"), Abolition of Slavery, has been violated by the Defendants, each of them. Section 1 of this Amendment states: *"Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."* Section 2 of this Amendment states: *"Congress shall have power to enforce this article by appropriate legislation."* Ms. Victor was a slave on the property of Zen Hollywood where she was almost murdered for whistleblowing on the Defendants, which will be explained in her potential Federal Complaint. Ms. Victor has been a slave in her pending litigation with JAMs and the LASC, held hostage in Courts that have zero jurisdiction. The Defendants, each of them, plan to keep Ms. Victor enslaved, bound by court orders made by Judges who work with all other Defendants to keep Ms. Victor enslaved as a means to an end to protect themselves, their affiliations, and their social, financial, and/or political interests. Such unlawful slavery is prohibited within the United States, or any place subject to their jurisdiction.

- Amendment XIV, ("Fourteenth Amendment"), Privileges and Immunities, Due Process, Equal Protection, has been violated by the Defendants, each of them. Section 1 of this amendment states: *"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."* The Defendants, each of them, have forgotten one important fact: **Ms. Victor is a citizen of the United States**. Ms. Victor has been deprived of her life, liberty, property without equal and fair due process of law. Ms. Victor has been denied within the jurisdiction of the United States the equal protection of the laws, which is prohibited by this Amendment. Ms. Victor will continue to be deprived of the rights guaranteed to her by the United States Constitution if this Complaint and Emergency Motion are not granted on an expedited basis.

**C. If Necessary, A District Court May Transfer Any Civil Action to Any Other District or Division Where it Might Have Been Brought Pursuant to 28 U.S.C §1404(a)**

8. Pursuant to 28 U.S.C §1404(a) which states: "*For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…*" Ms. Victor had first

attempted to file a Notice of Removal in the U.S. District Court, Central District of California, which was immediately remanded by Judge Dale S. Fischer ("Judge Fischer") with no valid explanation as to why a case, that should have been filed in Federal Court originally, was being remanded in a Court that has zero jurisdiction. Ms. Victor filed a Motion to Disqualify Judge Dale S. Fischer and Judge Steve Kim ("Judge Kim") after Judge Fischer's order to remand. Ms. Victors request and Motion to disqualify Judge Fischer and Judge Kim was never docketed on the Federal Court Docket nor was it ever acknowledged or answered by anyone in the Central District Court of California. Both Judge Fischer and Judge Kim are named Defendants on this Emergency Motion and will also be named Defendants on Ms. Victor's potential Federal Complaint. Ms. Victor then filed a second Notice of Removal that was assigned to new Judges, Judge Andre Birotte Jr. ("Judge Birotte Jr.") and Magistrate Judge Maria A. Audero ("Judge Audero"). Ms. Victor then filed an Emergency Motion to the Central District Court of California, to the newly assigned Judges, which was also not docketed, acknowledged, or answered on the same day as required by law. All of this will be explained herein. Judge Birotte Jr. and Judge Audero are also named Defendants on this Emergency Motion and will also be named Defendants on Ms. Victor's potential Federal Complaint.

9. However, this is when Ms. Victor realized that the civil conspiracy and the organized crime that has flooded her pending LASC case, runs throughout multiple Governmental agencies within California including the U.S. District Court, Central District of California. Ms. Victor is informed, and believes that the U.S. District Court,

Central District of California did not have a Judge capable of presiding over her pending case who did not have financial, political, and/or social interest in some of the parties involved in her pending complaint. With that being said, Ms. Victor wrote in her Motion to the Central District of California that had her assumption been true then their Court had the ability to remove Ms. Victor's action to any other District where her case may have been brought and where there is a Judge who has no affiliation or interest in any party involved. Since the citizenship of the parties in her pending complaint is diverse then Ms. Victor's action could have been brought within several different U.S. District Courts and could have been removed to any of those Courts, this includes a removal to the United States Supreme Court pursuant to 28 U.S.C §1251, subdivision (a) states: "*The Supreme Court shall have original and exclusive jurisdiction of all controversies between two or more states*." This controversy is between two or more states, therefore, the Supreme Court would have original and exclusive jurisdiction.

10. However, the Defendants, each of them, which include officers and employees of the U.S. District Court, Central District of California, ignored this code of law to help those within their criminal organization and to ensure Ms. Victor is further denied her guaranteed rights as a United States Citizen. The Defendants, each of them, have caused Ms. Victor irreparable injury, unimaginable pain and suffering, mental and emotional anguish, financial turmoil, hyper vigilance, loss of the enjoyment of life, and so much more. With this being said, this Court, has the ability to remove this Emergency Motion to a District Court or the Supreme Court if there is no Judge, in this Court, that does not

have a personal interest in this case. Please note, that as stated above, a copy of this Complaint and Emergency Motion has been served on the United States Supreme Court.

**TEMPORARY RESTRAINING ORDER(S)**

11. Pursuant to the Federal Rules of Civil Procedure, Rule 65(b), which is in regards to temporary restraining orders, this rule allows such orders to be made without notice to the adverse party if specific facts in a verified complaint "*show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be in opposition.*" With what has been presented herein and with what will be presented herein, and all necessary Exhibit attachments herein, it will be clearly shown that the damage the Defendants have already caused Ms. Victor is irreparable and without such order the Defendants, each of them, will continue to cause Ms. Victor irreparable injury, loss, and damages. Ms. Victor knows what the Defendants, each of them, are capable of, and fears what they are willing to do to protect their criminal organization, their secrets, and their money, some in which was made off the pain and suffering of other Plaintiff's, like Ms. Victor, who were lied to and tricked into becoming pieces of an organized puzzle created by the officials and employees meant to protect them from such unlawful conduct.

12. The Defendants, each of them, should not be allowed at any point to be in opposition to any of Ms. Victor's Motions including her right to be protected from the Defendants, each of them.

13. Ms. Victor moves this Court to order and enforce these restraining orders on all named Defendants, including DOES 1-100, inclusive, and individual DOES 1-100, inclusive, to protect her from further harm, harassment, discrimination, and retaliation as the Defendants, each of them, will do anything at this point, including break Federal laws, to protect themselves and one another.

## INTRODUCTION & NATURE OF CASE

14. Ms. Victor was employed by Southwest Wine & Spirits, LLC, a Delaware limited liability company, doing business as Wally's Auction House, LLC, a California limited liability company, and MEL-JEN, a California domestic stock corporation ("Wally's), on February 14, 2019. The owners of this business establishment are Paul Marciano ("Mr. Marciano") and Maurice Marciano ("Maurice") and the Principal of the business is Christian Navarro ("Mr. Navarro"). Ms. Victor, during her employment, was subjected to extreme racism, battery, assault, sexual harassment, discrimination, unpaid wages, retaliation, amongst other things. Upon her loud and voiced opinion of her plans to file suit, Ms. Victor was wrongfully terminated on June 14, 2019.

15. On June 17, 2019, Ms. Victor was referred to attorney, Walter Mosley ("Mr. Mosley")(SBN 244169) whom she contacted for legal services. On July 2, 2019, Ms. Victor signed a retainer with Mosley & Associates to take on her employment and labor complaint. Ms. Victor signed her retainer with Mosley & Associates with her free hand signature but then Mr. Mosley required her to sign her retainer again with DocuSign, an electronic signature. Not thinking much of this request, Ms. Victor complied, only to

realize that Mr. Mosley wanted her to sign with DocuSign so he could later forge her signature on documents, including authorization forms, and a retainer dated January 3, 2019, which was a month before she began her employment at Wally's, and six months prior to Ms. Victor contacting Mr. Mosley for legal services. This will be discussed herein.

16. On August 5, 2019, Mr. Mosley sent Ms. Victor a new retainer for The Dominguez Firm ("TDF") with attorney Jae Hyun Kim ("Mr. Kim")(SBN 282039). Ms. Victor was under the impression that Mr. Mosley worked for TDF and Mr. Kim was his boss. It was not once explained to Ms. Victor that she was obtaining co-counsel or that Mr. Mosley and Mr. Kim agreed on a fee split in regards to her litigation. In fact, to this day, Ms. Victor has never even had a single correspondence in person, on the phone, or by email with Mr. Kim.

17. On August 5, 2019, Ms. Victor also signed an Employee Records Authorization Form and a HIPAA form for TDF; Ms. Victor never signed these forms for Mr. Mosley or Mosley & Associates, in fact, it will be discussed in Ms. Victor's potential Federal complaint, how Mr. Mosley and Mosley & Associates forged Ms. Victor's signature on a HIPAA form and an Authorization for Employees Records for Mosley & Associates when Ms. Victor only ever signed such documentation for TDF. Ms. Victor never signed a co-counsel agreement nor did she ever sign a fee-split agreement, it will be discussed in Ms. Victor's Federal complaint, how TDF, Mr. Kim, Mosley & Associates, and Mr. Mosley, once again forged Ms. Victor's signature on a co-counsel agreement and a fee split form.

A form Ms. Victor did not see until Amanda Headworth ("Ms. Headworth") accidentally sent Ms. Victor a copy of such record in a OneDrive client file. The Defendants, each of them, have been, and continue to be, careless about their blatant conspiracy and corruption. Ms. Victor believes that they behave in such a way because their organization contains so many people, including Federal Judges, that each Defendant has come to believe that they are fully protected and their actions are above the laws they are meant to uphold. There should be no immunity here, none at all. It is horrifying that this is the judicial process within the State of California and what judicial officers and employees do to people attempting to exercise the rights they are guaranteed.

18. From July 2, 2019 to August of 2019, Ms. Victor constantly asked Ms. Mosley when she could go to the Labor Commissioner's Office to file her Labor Complaint against the Defendants in addition to a retaliation complaint. Mr. Mosley constantly told Ms. Victor to hold off on filing the complaint in the Labor Commissioner's officer until they got things going in the Superior Court. Please find these email correspondence attached to **Exhibit 2**.

19. On August 9, 2019, Ms. Victor went into the Labor Commissioner's office on her own accord to file her complaint against Wally's, as nearly three months had gone by without payment from Wally's. Wally's was required by California State law to give Ms. Victor all wages due upon her separation of employment, but they did not, and still have not. At the Labor Commissioner's office, Ms. Victor was told by a woman at the clerks desk to fill out a handwritten form and put such form in a bin upon completion, Ms.

Victor complied. A year would pass and Ms. Victor never received a letter or mailing from the Labor Commissioner's office, in fact, she had to go in to get a copy of documents in regards to her hearing with Deputy Commissioner Cathy Ray, who is a named Defendant on this action. This paperwork is attached in **Exhibit 3**, where you can see that the Labor Commissioner's office did not even have Ms. Victors apartment unit number in the address portion, which was provided to them upon completion of her original paperwork.

20. The California Labor Commissioner's involvement, as well as the involvement of their Deputy Commissioner's, in this civil conspiracy, and their role in this criminal organization will be briefly discussed herein and fully discussed in Ms. Victor's potential Federal Complaint. However, Deputy Cathy Ray and Mosley & Associates dismissed Ms. Victor's original complaint to their office without her consent, approval, signature, or acknowledgement. This was a calculated and pre-meditated plan done by the Defendants, each of them. This will be discussed later.

21. Six months after Mr. Mosley had Ms. Victor sign multiple documents for TDF, TDF sent Ms. Victor a letter of termination of services, that stated no other explanation other than goodbye and good-luck. Such letter of termination of services was received only after TDF received a signed HIPAA form and an Authorization for Employment Records. Mr. Kim did not provide Ms. Victor her client file, did not offer any detailed explanation for his sudden need to end representation, nor was it explained how her HIPAA or other authorization forms were used or could be used in the future. Mr. Kim

and TDF did nothing they were obligated to due under the Rules of Professional Conduct of the State Bar of California. Freaking out and panicking, Ms. Victor had called Mr. Mosley and told him about the termination letter from TDF. Mr. Mosley offered to continue representing Ms. Victor through his own firm and with his associates, Ms. Victor complied as she believed there was no other option. Later, Ms. Victor would discover that TDF termination of services was also a pre-meditated, calculated, willful, and malicious move made by the Defendants, each of them, to solidify the end result needed for their criminal organization to be successful and for the Plaintiff to be in delusion and unsuccessful.

22. Ms. Victor constantly called, emailed, and texted Mosley & Associates asking for an update on the status of her case as months would pass by and Ms. Victor's attorney's would never make contact with her. When Mosley & Associates did make contact with Ms. Victor they would provide no explanation as to the delay in filing her case only that it was happening soon. Ms. Victor would later realize that the delay in the filing of her lawsuit against the Defendants was also pre-meditated, calculated, willful, and malicious. Such delay was done by Mosley & Associates to help their partners, in this criminal organization, be able to argue statute of limitations against Ms. Victor's legal claims, ensuring an unethical, unlawful, and easy win through criminal activity and manipulation.

23. On September 9, 2020, Ms. Victor's prior legal counsel Mosley & Associates, a fictitious business name, and attorney's Mr. Mosley, Nathalie Meza Contreras ("Ms.

Contreras")(SBN 322545), and Carlos Eduardo Montoya Solis ("Mr. Montoya")(SBN 317057) filed the complaint (the "Complaint") in the LASC, Stanley Mosk Courthouse, Los Angeles County, styled as *DANIELLE VICTOR, an individual v. SOUTHWEST WINE & SPIRITS, LLC, a California limited liability company; WALLY's VIONTECA, a California business entity form unknown; WALLY'S WINE & SPIRITS, a California business entity form unknown; WALLY'S BEVERLY HILL'S, a California business entity form unknown; CHRISTIAN EDUARDO NAVARRO, an individual; MATTHEW MARCIANO, an individual; and DOES 1 through 20, inclusive*, with eleven causes of action, State Court Case No. 20STCV34566 ("the State Court Action").

24. The end of May 2021 and beginning of June 2021, Ms. Victor suspected unethical misconduct by Mosley & Associates, whom she since has found out had, and has, colluded with the Defense Counsel, of her pending LASC case, Thompson Coburn. Mosley & Associates and Thompson Coburn have colluded with one another to help the Defendants, in Ms. Victor's pending LASC case, sabotage Ms. Victor's litigation for an easy and illegal win in the LASC through an arbitration with JAMs. Such unethical misconduct, includes, but is not limited too, Ms. Victor being put into therapy sessions by Mr. Mosley with Dr. Sally D. Greig ("Dr. Greig"), whom was hired and referred to Mosley & Associates by Thompson Coburn using the signed HIPAA form that was received and later altered by TDF. An unethical and illegal action taken for the Defendants to discover Ms. Victor's deepest, darkest secrets to then attempt to use such secrets against her in Court. To this day, Dr. Greig has refused to give Ms. Victor a copy

of her records or to provide information on who referred her to her legal matter. This will be discussed briefly herein but will be fully discussed in Ms. Victor's potential Federal Complaint where Dr. Greig will also be a named Defendant.

25. After such unethical misconduct was discovered, Ms. Victor had sent Mosley & Associates a termination letter, a letter they refused to sign. Instead, they informed Ms. Victor that they had filed a Motion to Be Relieved as Counsel to Judge Orozco of Department 31, of the Stanley Mosk Courthouse. Ms. Victor requested a hearing on this Motion. In Ms. Victor's Motion, presented to Judge Yolanda Orozco and the Court, Ms. Victor provided evidence of Mosley & Associates, Thompson Coburn, and TDF illegal activity including forgery. Judge Orozco ignored all of Ms. Victor's evidence of unethical misconduct by ALL of the attorney's involved in her pending litigation and took no corrective actions as required under the Code of Judicial Ethics. But rather, granted Mosley & Associates an order to be relieved as counsel on the grounds that Ms. Victor had become "too difficult to work with". Judge Yolanda Orozco also stated that it was not her job to look into attorney misconduct, such as forgery or perjury, and if Ms. Victor had a complaint against said attorneys then such complaint would need to be filed with the State Bar of California. The State Bar of California is an important and key player of this criminal organization. Judge Orozco made this suggestion knowing damn well that her affiliates at the State Bar of California would never investigate Ms. Victor's claims and that no one in their criminal organization would be subjected to any such consequences

for any of their unlawful conduct. This will be discussed briefly herein but fully in Ms. Victor's potential Federal Complaint.

26. This was not the first nor the last time Judge Orozco had, and has, aided and abetted the Defendants throughout this litigation, ensuring that the Defendants conceal their criminal activity and that Ms. Victor is silenced, denied due process, denied a jury trial, and imprisoned in the most bias and prejudicial litigation; and it will not be the last time Judge Orozco aids and abets each named Defendant, unless this preliminary injunction and restraining order is enforced. After Judge Yolanda Orozco's wildly incorrect orders, Ms. Victor was then forced to represent herself in what has become a completely bias, prejudice, and unethical legal litigation. Ms. Victor has been representing herself in her pending litigation for over a year now, a time of absolute suffering.

27. Beginning in June of 2021, escalating in September of 2021, and ongoing, Ms. Victor's life has been at risk while attempting to access her right to due process against the Defendants, each of them. From her technology devices being hacked, an attempt on her life, and corrupt judges and federal agencies conspiring together to ensure Ms. Victor is silenced and unable to receive a fair and speedy trial, all which will be discussed fully in Ms. Victor's potentFederal Complaint.

28. This criminal organization began with Mr. Marciano, Maurice, and Mr. Navarro, their multiple attorney's, and their connections to other law firms and the money they have, and use, to pay said attorney's and law firms. In Ms. Victor's pending

litigation in the LASC, these men hired and utilized Thompson Coburn, TDF, and Mosley & Associates to ensure that Ms. Victor's case was handled incorrectly so that they could avoid legal accountability, financial accountability, and possible jail time for their repeated pattern of criminal behavior. What is meant by "repeated pattern of behavior" is that these men are named in multiple complaints within the LASC, for similar causes of action, none of which has been marked as related, this will be discussed soon. They use different law firms and lawyers and pay these lawyers and law firms to ensure their cases never make it to Federal Court, are not investigated by any Federal agency, and never go to trial, which saves them money, avoids investigations, and ensures that they have no moral and legal accountability for their disgusting unlawful conduct.

29. This criminal organization continues with Judge Orozco, the Deputy Clerk's in Department 31 of the Stanley Mosk Courthouse, and the Deputy Clerks in the Civil Clerks office, Room 102 of the Stanley Mosk Courthouse, and has since continued through the U.S. District Court, Central District of California, the California Labor Commissioners Office, the State Bar of California, The U.S. District Attorney's office in Los Angeles County, the Los Angeles Attorney General's Office, and all other third party affiliations who are named as Defendants on this complaint.

30. In the past year Ms. Victor has attempted to file multiple Emergency Injunction requests to the Los Angeles Attorney General's Office with attention to Attorney General Rob Bonta, such Motion's were never acknowledged or answered. Ms. Victor has filed multiple complaints with the State Bar of California, these complaints, despite providing

profound evidence, have not been investigated, nor has any attorney been suspended or disbarred for their unlawful and illegal conduct, some of which would result in the punishment of jail. Other complaints that Ms. Victor has filed to the State Bar of California have not been acknowledged or answered. Ms. Victor has filed multiple complaints with the California Commission on Judicial Performance, despite being provided profound evidence of Judicial misconduct, they have refused to investigate or take corrective actions on Judge Orozco. And most recent, Ms. Victor attempted to file a second Notice of Removal at the U.S. District Court, Central District of California, alongside an Emergency Motion for restraining orders, injunction, and relief, and this Motion was not only **not** docketed it was **not** acknowledged or answered. In fact, Judge Birotte Jr. and Judge Audero never made an appearance, rather, Judge Fischer, responded to Ms. Victor's second filing, remanding her case back to the LASC again, and even threatened to sanction Ms. Victor if she tried filing again in the District Court. To no avail no one in the State of California or Los Angeles County has acknowledged or answered any of her injunction requests. They have buried Ms. Victor's Emergency Injunction's Requests, just as they attempted to bury Ms. Victor. This criminal organization does not care about Plaintiff's or victims like Ms. Victor. This criminal organization does not care about the laws of the United States or of the State of California. This criminal organization cares only about themselves and their personal profits from their crimes, whether such profits be social, political, or financial.

31. Ms. Victor's LASC case has been thrown into arbitration, unlawfully, and is now pending in arbitration with JAMs. The reference number to this arbitration is **1220071214**. Ms. Victor's case was put into arbitration with JAMs only after Thompson Coburn and Mosley & Associates worked together with Judge Orozco to put Ms. Victor's case illegally into arbitration with the American Arbitration Association ("AAA"). However, their attempts failed because Ms. Victor caught on to their colluding and unethical conduct and stopped AAA, Thompson Coburn, and Mosley & Associates from putting her case with AAA, this will be discussed in detail briefly in this brief and in full detail in Ms. Victor's Federal Complaint.

32. Ms. Victor requested to exercise her right to amend her complaint, as the complaint filed by Mosley & Associates was entirely incorrect, the Defendants were not properly named nor was anyone ever served, but Judge Orozco refused to allow Ms. Victor the opportunity to exercise her legal right to amend her complaint. Instead Judge Orozco ordered Thompson Coburn "*to do what they needed to do to get this arbitration done*." Ms. Victor frantically attempted to send multiple emails to JAMs and the Defense Counsel to stop the arbitration, when those emails were ignored, Ms. Victor then attempted to reach out to multiple federal agencies for help, which resulted in Ms. Victor's technology devices being hacked. Weeks later, an attempt on Ms. Victor's life was made, and unfortunately, for the Defendants, each of them, ***Ms. Victor survived***. All of the events leading up to this moment will be discussed in detail in Ms. Victor's Federal Complaint. Since Ms. Victor's survival she has worked tirelessly trying to get help from

all California Courts and has been denied such help. Keep in mind, Ms. Victor is in pro se, not by choice, but as a result of a litigation full of discrimination, bias, and outright public corruption. Ms. Victor has been a victim of this criminal organization that has multiple leaders and followers that extends throughout the entire Los Angeles County, an organization that will stop at nothing to silence Ms. Victor.

33. Judge Miller was chosen by Thompson Coburn and the Defendants as the "neutral" arbitrator for JAMs. Ms. Victor was not involved in the decision of this arbitrator as such decision was made, conveniently, when her technology devices were hacked and Ms. Victor had no computer, no phone, and no access to her email. Judge Miller has ignored all of Ms. Victor's motions including requests for protection orders against all Defendants, each of them, and a motion to stay proceedings to give her time to amend her Complaint, which has been incorrect since Mosley & Associates filed it on September 9, 2020. Despite being denied more rights, that should be guaranteed to Ms. Victor, she amended her complaint and sent such amended Complaint to Judge Miller and Thompson Coburn. Ms. Riccomini actually wrote an "opposition" to Ms. Victor being allowed to amend her complaint, JAMs and Judge Linda Miller actually allowed this. Ms. Victor's amended complaint included over one hundred pages of factual allegations and over one hundred pages of legal claims, resulting in over fifty causes of action, including civil rights violations and questions of Constitutional law. Please find Ms. Victor's First Amended Verified Complaint attached to **Exhibit 4**.

34. Mosley & Associates named all incorrect Defendants, right down to naming Southwest Wine & Spirits, a CALIFORNIA LLC, when it is in fact a Delaware LLC. Mosley & Associates put business entity names that do not exist as named Defendants, intentionally and maliciously, so that Ms. Victor would technically not be suing anyone, therefore these Defendants are not legally attached or accountable to her claims. Judge Orozco, Judge Miller, and JAMs have denied her the right to amend such wrongs despite being provided evidentiary support to allow such amendments.

35. Mosley & Associates had eleven causes of actions listed on their fraudulent complaint submitted to the LASC on September 9, 2020 but Ms. Victor has over forty causes of action listed on her amended complaint which should be listed as follows: failure to pay all wages at the time of separation from employment; failure to pay wages in a timely manner; failure to pay wages at place of discharge; failure to furnish wage and hour statements; failure to provide meal and rest periods; failure to pay gratuities and unlawful taking of gratuities; failure to pay wages; wrongful termination; unlawful retaliation based on violations of the Defendants use of social media; unlawful contracts in violation of public policy; unlawful retaliation in violation of public policy; unlawful retaliation against a whistleblower; wrongful termination in violation of public policy; defamation; violation of the Unruh Civil Rights Act; violation of California Civil Code, section 51.5; violation of the Ralph Civil Rights Act; violation of the Tom Bane Civil Rights Act; sexual harassment in violation of California Civil Code, section 51.9; gender violence; sexual battery; battery; assault; stalking; constructive invasion of privacy;

wrongful injuries to an animal; unlawful continued violations of California Civil Codes; race discrimination; failure to combat discrimination in violation of state policy; retaliation in violation of FEHA; employment discrimination in violation of FEHA; quid pro quo sexual harassment in violation of FEHA; unlawful coercion in violation of FEHA; hostile work environment/ sexual harassment in violation of FEHA; sexual favoritism in violation of FEHA; failure to prevent discrimination in violation of FEHA; failure to prevent sexual harassment in violation of FEHA; negligent hiring and retention; intentional infliction of emotional distress; retaliation against a whistleblower; unlawful employment conditions in violation of public policy; fraud; deceit; perjury; hate crime; violations of the United States Constitution; violations of the California State Constitution; negligence; fraudulent and negligent misrepresentation; breach of implied covenant of good faith and fair dealing; and unfair competition.

36. It is clear that these causes of actions were not listed as legal claims on the Complaint filed by Mosley & Associates because Mr. Mosley and his associates were ensuring that Ms. Victor's Complaint benefited Wally's, their employees, agents, managers, and principals NOT Ms. Victor. Mosley & Associates did not care about obtaining justice for Ms. Victor. With that being said, Judge Miller should have read and acknowledged the drastic changes in Ms. Victor's legal claims, and should have allowed Ms. Victor's amended complaint, which is guaranteed by California State law, and then Judge Miller should have removed Ms. Victor's case to the Court of proper jurisdiction. However, Judge Miller, denied Ms. Victor the opportunity to amend her complaint,

refused to remove the case to a Court of proper jurisdiction, and for weeks was on the brink dismissing Ms. Victor's pending case in JAMs, where it has zero jurisdiction. This is after Thompson Coburn filed a doomsday motion for terminating sanctions against Ms. Victor. Thompson Coburn had asked Judge Miller to dismiss Ms. Victor's pending case with prejudice and demanded a judgement in favor of the Defendants in her pending case. Thompson Coburn even went as far as to ask that Ms. Victor be sanctioned from giving testimony in HER OWN TRIAL. Please find attached to **Exhibit 5**, a copy of Thompson Coburn's frivolous and unreal Motion requesting Terminating Sanctions against Ms. Victor submitted to Judge Miller. It is the most outrageous and ridiculous thing to witness, a victim being subjected to the powers and unlawful conduct of a criminal organization that can bend the rules as they deem fit. This criminal organization has mastered victimizing themselves through the attorneys at Thompson Coburn to minimize the pain and suffering of the actual victim, Ms. Victor. Thompson Coburn has intentionally and with pleasure caused Ms. Victor endless pain and suffering and Judge Orozco, Judge Miller, the Court, and JAMs have allowed this pain and suffering to protect themselves, their assets, and their reputation, alongside the other Defendants, each of them, who have formulated this criminal organization. Find attached in **Exhibit 6**, Ms. Victor's rebuttal to Thompson Coburn's Motion with her own motion for Sanctions. On July 29, 2022, Judge Miller held a hearing on these Motions which will be discussed soon.

37. Once Ms. Victor realized that Judge Miller was not going to allow her to amend her complaint, grant her protection orders, or move her case to the proper court of jurisdiction, Ms. Victor attempted to file a Notice of Removal to the U.S. District Court, Central District of California, Los Angeles County. This case was filed by the Civil Clerk of the U.S. District Court, Central District of California, as a "Real Property: Other" case which is entirely incorrect and insulting to what Ms. Victor has been through as a United States American Citizen. This case is a civil and criminal case and has NOTHING to do with "real property: other". Ms. Victor believes that such classification was done intentionally and maliciously by the Civil Clerks in the U.S. District Court, Central District of California, Los Angeles County, all members of this criminal organization, doing what they need to do to protect themselves and deny Ms. Victor her guaranteed rights.

38. The District Court Case No. was **2:2022cv03312**, and this case was assigned to Judge Fischer and Magistrate Judge Kim. Ms. Victor filed a motion to disqualify both federal judges on several reasons, which you can find attached to **Exhibit 7**. This motion was not added to the Federal Court docket, nor has Ms. Victor received an acknowledgement or response. In fact, when Ms. Victor had called the Civil Clerk's desk of the U.S. District Court, Central District of California, they stated that a team "behind the scenes" of Judge Fischer received her Motion to Disqualify and once her team finds a Judge to rule on her motion then Ms. Victor will get a response. So a team "behind the scenes" of the Judge Ms. Victor is trying to disqualify is finding a new Judge to make a

decision on her Motion to Disqualify? That is bias and prejudicial in and of itself. Needless to say, Ms. Victor's Motion to Disqualify these Judges was never posted to the Court docket and months later she still has not received any acknowledgement or response to her Motion to Disqualify.

39. Further, this same Civil Clerk told Ms. Victor that her case was opened, ordered to be remanded in the LASC, and then closed on May 19, 2022, offering no opportunity for Ms. Victor to oppose or respond. This same Civil Clerk could not provide a single reason or explanation as to why her case was classified as a "real property: other". Judge Fischer and Judge Orozco were both in the Federal Bar Association with one another. Judge Fischer and Judge Kim did not uphold the laws of the United States of American instead they did what was beneficial to them and the other members of their criminal organization. Their actions as Federal judges were, and are, despicable and against the very oath they took while being sworn into Judicial office.

40. Ms. Victor's pending LASC case began as an employment case and has turned into a criminal case involving hate crimes, interference with civil rights, attempted murder, and much, much more. Ms. Victor's pending LASC has also been dragging out for over three years, which is beneficial for arbitrators and arbitration services. For over a year, since Ms. Victor began self-representing herself, the Defendants, each of them, have continued to interfere with Ms. Victors right to due process, robbed her of her civil rights, in addition to their continued harassment, discrimination, and retaliation against her.

41. Ms. Victor then attempted to file a new and second Notice of Removal to the U.S. District Court, Central District of California which was processed and assigned to Judge Birotte Jr. and Magistrate Judge Audero. The case number was ***2:22-cv-03995-AB-MAA***. Ms. Victor also served attorney Kacey Riccomini ("Ms. Riccomini")(SBN 292340), of Thompson Coburn, and JAMs her Notice of Removal as well as the LASC, and Judge Orozco. Shortly after Ms. Victor served Ms. Riccomini her second Notice of Removal, Ms. Riccomini filed and served Ms. Victor her frivolous pleading for terminating sanctions, a pathetic and desperate attempt by Wally's, Ms. Riccomini, and Thompson Coburn to try and get Ms. Victor's pending LASC case dismissed before Ms. Victor had the chance of being successful in obtaining help from a non-corrupt Judge and/or Court and obtaining justice with an immediate judgement in her favor. The Defendants, each of them, Ms. Riccomini, and Thompson Coburn's desperate, oppressive, and pathetic continued attempts to deny Ms. Victor her equal right to due process and to amend her complaint with her REAL and TRUE allegations and legal claims is frivolous and indicative of bad faith, yet it was entertained by Judge Miller until a hearing on July 29, 2022.

42. On June 21, 2022, Ms. Victor filed an Emergency Motion for an injunction, restraining orders, and immediate relief to Judge Birotte Jr. at the Central District Court in California. Ms. Victor emailed this to the emergency email at 5AM EST and also filed the Motion with the online system EDSS. You can find a copy of this Emergency Motion attached to **Exhibit 8.** That afternoon Ms. Victor called asking for an update because

Emergency Motion's are answered the same day they are submitted to the Court. After a brief hold, Ms. Victor was told her brief was given to the Judge and would be answered that same day. However, Judge Birotte Jr. did not respond or acknowledge Ms. Victor's Emergency Motion. Ms. Victor called the Clerks desk over thirteen times in one day before someone answered, as if they were intentionally avoiding her call. Ms. Victor emailed the Emergency email for the Central District Court looking for an answer as to why she had not obtained a response, in addition to sending multiple emails to the chambers of Judge Birotte Jr. None of Ms. Victor's calls or emails were acknowledged or responded to by the Central District Court. They maliciously, intentionally, and collectively have made it an objective to treat Ms. Victor as less than; less than a human being and less than an American Citizen who has equal opportunities and rights. A week would pass before any motion would be done on the Federal court docket and it would not be any acknowledgement of Ms. Victor's Emergency Motion, in fact, her Motion was never added to the Court docket, as if it was never submitted to the Court. Done by the Defendants, each of them, to protect themselves and the interests of all involved in this criminal organization.

43. On June 28, 2022 Judge Fischer, the Judge who took Ms. Victor's Motion to Disqualify and tossed it in the trash, filed an order remanding Ms. Victor's action to the LASC. Judge Birotte Jr. never made an appearance, never filed an order, he just handed Ms. Victor's case over to Judge Fischer and told her to handle it. Judge Fischer stated that a plaintiff is not allowed to remove a state court action and if Ms. Victor attempted to

remove it again within their Federal District Court then Ms. Victor would be subjected to sanctions. I have honestly never seen such blatant public corruption in my life and everyone involved in this criminal organization does such criminal activity with ease because they believe they are protected by their robes, connections, and money. It is a disgrace to the entire Judicial system and it is sickening. Ms. Victor's case was then remanded to the LASC then closed again by Judge Fischer, the same Judge who refused to acknowledge or respond to Ms. Victor's request for disqualification, as if such was not submitted, just as they did with Ms. Victor's Emergency Motion. All of these Orders and Motions made by the Defendants were only made to protect themselves and their criminal organization, not for the furtherance of justice, especially not Ms. Victor's justice.

44. On June 15, 2022, Ms. Victor filed a Notice of Related Cases in the LASC to Judge Orozco as well as Department 1 of the LASC, which was also served to Thompson Coburn. You can find this Notice of Related Cases attached to **Exhibit 9**, which will have every case that Ms. Victor discovered on her own that should have been marked as related or coordinated to hers but was not. There is potentially many more cases to be discovered that should be related and are not. These cases all had discrepancies in how Defendants were named. These cases all had similar causes of action. These cases all had similar Defendants. Yet none of them were marked as related. This was an intentional and calculated move made by the Defendants, each of them, to profit within their criminal organization which involves server processors, arbitrators, arbitration companies,

lawyers, law firms, corporations, and Judges. Justice was not given to a single victim or Plaintiff.

45. On July 7, 2022, Judge Orozco filed a minute order within the LASC stating that the Court did not find the cases related. The actions of the Court system in California are a joke, but this is not a comedy, it is a horror show.

46. On July 28, 2022, Ms. Victor, intentionally, emailed Thompson Coburn and JAMs an email stating that even if Judge Miller dismisses her case tomorrow by granting Ms. Riccomini's disgusting motion for terminating sanctions, it wouldn't matter, as Ms. Victor was technically not suing any real business or person and she would just refile and reopen her case again. Ms. Victor predicted that, prior to this email being sent, Judge Miller would have made a judgement that benefited the Defendants, just as all prior decisions by Judge Miller had been made to benefit the Defendants and/or herself. Ms. Victor knew that her email would cause Thompson Coburn and Judge Miller to engage in ex parte communications to plan their next unlawful moves accordingly. As expected on July 29, 2022, Judge Miller agreed with Thompson Coburn's motion but denied Thompson Coburn's Motion on the grounds of it being "harsh". Judge Miller also denied Ms. Victor's Motion for monetary and non-monetary sanctions against the Defendants and Thompson Coburn for their harassing and frivolous motion, begging the question, how is it possible to deny both?

47. During this hearing Judge Miller told Ms. Victor that she would be allowed to amend the Defendants but refused to allow Ms. Victor to add Delta Air Lines, Inc.

("Delta"), Christies, Inc. ("Christies"), Christie's Wine, Inc. ("Christie's Wine"), 3900 WA Associates, LLC ("3900 WA"), Wally's Auction House, LLC and Mel-Jen ("Wally's), nor any other partner or affiliate of Wally's on the grounds that they are not "liable" for the actions of their partners or affiliates. This is false as a Plaintiff can hold partners, affiliates, and subsidiaries personally liable for the actions of her employer Wally's. Judge Miller kept stating, "*these businesses will not be coming into **my** arbitration*". Judge Miller's decision was bias not correct. Further, Judge Miller refused to allow Ms. Victor to add Defendants Keith Bjelajac ("Mr. Bejelajac"), Laura Burns ("Ms. Burns"), Nancy Hunter ("Ms. Hunter"), Tatum Jimenez ("Ms. Jimenez"), Jonathan Poulin ("Mr. Poulin"), Mina Jones ("Ms. Jones"), and Sami Fromer ("Ms. Fromer"), stating they were witnesses and cannot be held personally liable. Ms. Victor argued that these people are NOT witnesses and she does hold them personally liable and Judge Miller refused to allow them to be added to her complaint, again a decision made out of bias, not an accurate or lawful one. Judge Miller then stated that she would allow all forty-four of Ms. Victor's legal claims to be arbitrated by her because all of the legal claims have to do with her employment with Wally's. These legal claims included sexual harassment, assault, battery, gender violence, and civil rights violations. During this hearing attorney Ms. Riccomini and Judge Miller shared multiple laughs amongst each other at Ms. Victor's expense. At one point Ms. Victor had asked both Judge Miller and Ms. Riccomini what was so funny because she too wanted to laugh. Judge Miller stated nothing was funny nor was there a joke, yet they were engaging in laughter together. Judge Miller, as usual,

lacked impartiality. The phone call/hearing was an absolute disgrace to the entire judicial system, a pattern repeated for the length of this entire litigation.

48. On Monday August 1, 2022, Ms. Victor sent JAMs and Thompson Coburn an email. All email correspondence in regards to this matter will be attached in **Exhibit 10** for this court's review. Ms. Victor followed up on her prior email in regards to JAMs rules and how her case was open in arbitration with JAMs with no commencement letter, no arbitration agreement, nor Ms. Victor's acknowledgement or consent. This was never answered because this arbitration is fraudulent. Ms. Victor also presented her argument on how all the Defendants she held personally liable for ALL of her damages needed to be added, this too was ignored and denied. Further, Ms. Victor let Thompson Coburn and JAMs know that Judge Miller had allowed all forty-four of her legal claims to be arbitrated in her forum which included sexual harassment and sexual assault. With that being said, Under the Federal Laws of the United States, Chapter 9, section 402, which states "*at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.*" The legal claims approved for amendment by Judge Miller including sexual harassment and sexual assault, amongst other things, cannot be arbitrated pursuant to the Federal laws of this country, giving JAMs and Judge Miller no

jurisdiction over Ms. Victor's legal claims nor can such legal claim be disputed in any arbitration, anywhere in the United States. You can read the correspondence in full attached in **Exhibit 10**, however, Thompson Coburn began to argue that Judge Miller did not agree to arbitrate Ms. Victor's claims. Judge Miller, JAMs, and Thompson Coburn are now actively working together to pretend that Judge Miller did not SAY Ms. Victor could amend her legal claims nor that she would arbitrate them because they all know that Judge Miller cannot arbitrate Ms. Victor's claims nor does she have jurisdiction to make a single decision over Ms. Victor's case, now, or ever. Ms. Victor moved to have Judge Miller disqualified and her case removed from arbitration effective immediately, which was denied by JAMs, find this denial letter attached to **Exhibit 11**.

49. On August 2, 2022, Ms. Victor filed a Notice of Intent to Move for a New Trial to the LASC which was also served on Thompson Coburn and JAMs, you can find this attached in **Exhibit 12**. Thompson Coburn filed their opposition to this Motion in the LASC. However, Judge Orozco filed a minute order denying the Notice of Intent to Move for a New Trial on the grounds that the Defendants need to be served and had not been served. Well, Thompson Coburn, who represents the fake defendants currently named on Ms. Victor's complaint, were served so the only Defendants that had not been served yet, is everyone. Judge Orozco would only know this if she engaged in ex parte communications with Thompson Coburn. Further, in Judge Orozco's minute order, she denied a new trial on the grounds that per a hearing on July 14, 2022 it was agreed that the case was still being arbitrated with JAMs. On July 14, 2022, Thompson Coburn

submitted to the court that Ms. Victor made a telephonic appearance in front of Judge Orozco with Thompson Coburn where they pushed the hearing back until March of 2023. Ms. Victor did not make an appearance at this hearing nor did Ms. Victor have any knowledge that a hearing was being held. So not only did Thompson Coburn commit blatant perjury but this further proves what Ms. Victor has been arguing all along, that Judge Orozco is engaging in clear ex parte communications with Thompson Coburn and the Defendants of her LASC case, which is prohibited by the Code of Judicial Ethics. Please find Thompson Coburn's Motion attached to **Exhibit 13**. When you make telephonic appearances in the LASC you have to file online and receive a confirmation number and pay fifteen dollars if you do not have a fee waiver, which Ms. Victor did not do because she was not present at this hearing. Judge Orozco also would have started the hearing by confirming the presence of all parties and in doing so would have known Ms. Victor was not present because she was indeed not present. Again Judge Orozco, Thompson Coburn, JAMs, and all other Defendants worked together to protect themselves and their personal interests by denying Ms. Victor her guaranteed right to due process and while committing unlawful crimes such as perjury.

50. After every hearing with JAMs a memorandum is sent out that recaps what was discussed on each phone call. Weeks passed by and Ms. Victor contacted JAMs asking why the memorandum had not been released. The hesitation came after Ms. Victor's email on August 1, 2022, which let Thompson Coburn and JAMs know that Ms. Victor was well aware that Judge Miller could not arbitrate the claims she agreed to arbitrate and

asked for her case to be removed immediately from arbitration. Alison Sprague ("Ms. Sprague"), the case coordinator for JAMs, stated that the Memorandum could not be released until Thompson Coburn paid a bill of over six thousand dollars to JAMs and Judge Miller and that JAMs could not release such memorandum until they received their payment… how convenient. Ms. Riccomini of Thompson Coburn told Ms. Victor that such memorandum was not necessary because Judge Miller did not agree to arbitrate Ms. Victor's amended claims and if she did not engage in deposition by September 3, 2022 they will file a second Motion for Terminating Sanctions on the grounds that Ms. Victor is intentionally not engaging in discovery. Right now, Ms. Victor is suing no real company, corporation, or person. There has been no legal amendments. So Ms. Riccomini and JAMs are threatening and harassing Ms. Victor to engage in a discovery with non-legitimate corporations, entities, businesses, and/or individuals. Ms. Victor will not do such, in fact, moving forward, Ms. Victor will not respond to Thompson Coburn or JAMs because the actions of the Defendants are borderline domestic terrorism. Ms. Victor will not engage or be threatened by their terrorism.

51. On August 11, 2022, Ms. Victor filed a Motion to Leave to Amend Her First Complaint in the LASC, which was concurrently filed with her First Amended Verified Complaint, a copy of such is attached to **Exhibit 4**. A copy of Ms. Victor's Motion to Leave to Amend her First Verified Complaint, is attached to **Exhibit 14**. This Motion explains multiple acts of fraud and perjury committed by Mosley & Associates, TDF, and Thompson Coburn including their conspiracy with server processor One Legal, LLC

("One Legal") who has NEVER served any one in Ms. Victor's case, therefore this case has legitimately not even begun. This Motion to Leave also discusses the blatant and horrific judicial misconduct of Judge Orozco and Judge Miller and their refusal to recuse themselves. Why do you think they both won't recuse themselves? It is because they both have personal and/or financial interests in the outcome of Ms. Victor's case. Whether that be financially, politically, or socially, Judge Orozco and Judge Miller are invested in Ms. Victor's case for themselves NOT for justice. The civil clerks of the Stanley Mosk Courthouse added Ms. Victor's Motion to Leave to the court docket but have refused to add Ms. Victor's First Amended Verified Complaint which was filed concurrently with her Motion to Leave. Such refusal to post to the court docket is intentional. Ms. Victor could not get a date earlier then November 10, 2022 for a hearing on her Motion to Leave, which Ms. Victor knows would be irrelevant as the Defendants, each of them, are working together to dismiss her case well before that hearing can happen, to protect themselves and each other.

52. Ms. Victor sent multiple emails to Ms. Sprague after serving JAMs her Motion to Leave to Amend and her First Amended Verified Complaint for Damages. These Motions outlined all of the unlawful conduct of Thompson Coburn and the Defendants including the detailed fact that not a single person, corporation, or business entity has EVER been legally served. Ms. Victor asked JAMs if they were going to continue to engage in the fraudulent activity with Thompson Coburn cause if they were they would be intentionally interfering with her civil rights which is a chargeable offense in a court of

law. Multiple emails were sent, and a YouTube video posted to Ms. Victors YouTube Channel before Ms. Victor received an email from JAMs, on August 22, 2022, with the Memorandum from the hearing on July 29, 2022, almost an entire month AFTER the hearing. As predicted this entire memorandum was written by Judge Miller to deny all of what Ms. Victor has said and there is absolutely NO where in this memorandum that states that Judge Miller agreed to add some or any of the Defendants Ms. Victor holds liable, nor that she agreed to arbitrate claims she cannot arbitrate. Ms. Victor has never in her life witnessed people commit so much fraud and crimes ever in her life with absolutely no remorse to what they have done and continue to do to her. Please find attached a copy of the email correspondence and memorandum received from JAMs on August 22, 2022 at **Exhibit 15**. This memorandum confirms that JAMs and Judge Miller did not plan on acknowledging Ms. Victor's Motion to Leave to Amend, nor her hearing on November 10, 2022, nor any of the fraud presented in these Motions because they too have helped one another execute all fraudulent and unlawful conduct at Ms. Victor's expense.

## IRREPARABLE INJURY

The Defendants, each of them, have worked together, and will continue to work together to help their personal interests financially, socially, or politically. They will go to any length, at any time, and use any available resources to ensure that Ms. Victor does not get equal access to due process and that Ms. Victor's case does not get the trial or justice it deserves. The Defendants, each of them, have forced Ms. Victor, for over the course of

a year, to be in a bias and prejudicial battle with the same people that took oaths to protect this country and uphold the laws of the State of California and the laws of the United States. The Defendants, each of them, have taken extreme and unethical measures to sabotage Ms. Victor's case and her fair and equal chance at due process of law. On September 3, 2022, Judge Miller, Thompson Coburn, Judge Orozco, and JAMs plan on forcing Ms. Victor to engage in a discovery in an arbitration that has zero jurisdiction and against companies that are not only legally incorrect but have never legally been served. Ms. Victor refuses to have the Defendants force her to do anything, anymore. With that being said on September 3, 2022, Thompson Coburn will file a Motion for Terminating Sanctions and Judge Miller will grant it allowing the Defendants, each of them, to unlawfully dismiss Ms. Victor's case, which is the outcome they want and have been working for since the very beginning. Waiting for this case to be dismissed, unlawfully, will only cause Ms. Victor irreparably injury on top of the injuries both mental, physical, and financially, the Defendants have all, collectively, already caused Ms. Victor. Ms. Victor has sustained, is sustaining, and will continue to sustain irreparable harm and injuries from the Defendants as a result of the events described herein. The compensation for such injuries, as a result of the events described herein, cannot be measured. Because the Plaintiff confronts the continuing and imminent risk that the Defendants actions will essentially dismiss her claims and the Defendants seek to have Ms. Victor pay them a judgement FOR THEIR continuous unlawful conduct, so Ms. Victor faces irreparable injury that can only be prevented by emergency injunctive relief. To constitute irreparable

harm, an injury must be certain and actual and of such imminence that there is a clear and present need for equitable relief to prevent the harm. Without injunctive relief, the risk is great and imminent that most or all of Ms. Victor's legal claims against the Defendants, each of them, will be dismissed with prejudice, thereby depriving Ms. Victor of a remedy and then Ms. Victor will suffer irreparable injury. The actions of the Defendants mentioned herein, and their continuous actions, have become a direct and immediate threat against Ms. Victor obtaining a remedy in her case.

Granting of this Emergency Motion will not harm third parties and the Public interest favors the requested Emergency Motion. Ms. Victor believes that her Emergency Motion must be treated as mandatory and such decision on granting such Motion be done on an expedited basis, delay will cause Ms. Victor further irreparable injury.

## FEDERAL LEGAL CLAIMS

The Defendants, each of them, pursuant to 18 U.S.C §35, willfully and maliciously, and with reckless disregard for the safety of Ms. Victor's life, imparted and conveyed false information, knowing that information to be false, concerning an attempt or alleged attempt being made or to be made, to do any act that is a crime prohibited by federal law.

Pursuant to 18 U.S.C §201, the Defendants directly or indirectly, corruptly gave, offered, or promised anything of value to public officials, including Judge Orozco and Judge Miller, with the intent to influence any official act; or to influence such public official to commit or aid in committing, or collude in, or allow, any fraud, or make

opportunity for the commission of any fraud, on the United States; or the Defendants induced such public official's to do or omit to do any act in violation of the lawful duty of such official or person. The Defendants listed on this complaint in their full capacity, being a public official, including Judge Orozco and Judge Miller, directly or indirectly, corruptly demanded, sought, received, accepted, or agreed to receive or accept anything of value personally or for any other person or entity, in return for: being influenced in their performance of any official act; being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud in the United States; or were induced to do or omit to do any act in violation of the official duty of such official or person. The Defendants directly or indirectly, corruptly, gave, offered, or promised anything of value, with the intent to influence the testimony under oath or affirmation as a witness upon a trial, hearing, or other proceeding, before any court, or any agency, commission, or officer authorized by the laws of the United States to hear evidence or take testimony, or had the intention to influence such person to absent himself therefrom, in regards to Ms. Victor's case and court proceedings.

Pursuant to 18 U.S.C §208, every Defendant named on this Complaint who was acting in their full capacity, under the color of law, who, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter in which, to his knowledge, he, his spouse, minor child, general partner, organization in

which he is serving as officer, director, trustee, general partner or employee, or any person or organization with whom he is negotiating or has any arrangement concerning prospective employment, has financial interest, shall be subject to penalties.

Pursuant to 18 U.S.C §241, the Defendants, each of them, which is two or more persons, conspired to injure, oppress, threaten, or intimidate Ms. Victor in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to Ms. Victor by the Constitution or laws of the United States, or because Ms. Victor had exercised the same.

Pursuant to 18 U.S.C §242, the Defendants named on this complaint who, under the color of any law, statue, ordinance, regulation, or custom, willfully subjected Ms. Victor in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities, secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of Ms. Victors color, or race, shall be subjected to penalties.

Pursuant to 18 U.S.C §249, the Defendants, each of them, whether or not acting under color of law, willfully caused Ms. Victor bodily harm whether that be physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to her body, no matter how temporary, because of Ms. Victor's perceived race, color, and/or her national origin.

Pursuant to 18 U.S.C §250, the Defendants engaged in, or caused another to engage in sexual misconduct, sexual misconduct Judge Orozco and Judge Miller have

refused to let Ms. Victor testify too in the LASC nor arbitration, in hopes to conceal the other Defendants misconduct.

Pursuant to 18 U.S.C §285, whoever, takes and carries away from the place where it was filed, kept by authority of the United States, any certificate, affidavit, deposition, statement of facts, receipt, or other document, record, file, or paper prepared, fitted, or intended to be used or presented for any part of any claim, account, or demand against the United States, shall be subjected to fines. The Defendants, each of them, routinely took away facts, documents, records, files, anything that can be used against them and benefited all of Ms. Victor's claims, assumptions, and accusations. A prime example is when Judge Orozco removed Ms. Victor Request for a Statement of Decision entirely from the LASC docket to avoid providing such request to Los Angeles Attorney General Rob Bonta and for implicating herself and the other named Defendants in multiple criminal activities including disgusting discrimination and then denial of Ms. Victor's free and equal accommodations in the court of law in which she presided. The Civil Clerks of the Stanley Mosk Courthouse just recently took Ms. Victor's First Verified Amended Complaint copy and did not docket the document or file in order to protect themselves and each and every other named Defendant.

Pursuant to 18 U.S.C §286, the Defendants, each of them, but especially Judge Orozco, Thompson Coburn, Judge Miller, and JAMs, entered into a conspiracy with one another and every other named Defendant to defraud the United States, or any department or agency thereof, by attempting to obtain, or aiding to obtain the payment of any false,

fictitious, and fraudulent claim. This entire Emergency Motion is based on the multiple false, fictitious, and fraudulent claims attorney Ms. Riccomini and Thompson Coburn have submitted to the LASC and JAMs against and about Ms. Victor in order to obtain a fraudulent win in this litigation with the expectation to receive money from the victim and Plaintiff, Danielle Victor as well as the courts which is defrauding not only Ms. Victor but the United States, or any department or agency thereof.

Pursuant to 18 U.S.C §371, the Defendants, each of them, which is two or more persons, have, and continue to, conspire to commit any offense against the United States, or to defraud the United States, or any agency thereof, in any manner, or for any purpose. The Defendants, each of them, which is two or more persons, did any such acts that have, and continue to, effect the object of their conspiracy, and shall be subjected to fines.

Pursuant to 18 U.S.C §471, the Defendants, with the intention to defraud, have, and continue to, falsely make, forge, or alter any obligation or other security of the United States. It is discussed herein and within the attached Exhibits, how the Defendants have, with the intention to defraud, falsely made documents and engaged in defamation, forged Ms. Victor's signature, and have altered legal court documents that are bound with obligation or other security of the United States within Ms. Victor's litigation and multiple court proceedings, both in the LASC and JAMs.

Further, pursuant to 18 U.S.C §472, the Defendants, with the intention to defraud, have passed, uttered, published, or sold, or attempted to have passed, uttered, published, or sold, or have kept in possession or have concealed any falsely made, forged,

counterfeited, or altered obligation or other security of the United States and shall be subject to fines.

Pursuant to 18 U.S.C §494, the Defendants have falsely made, altered, forged, any proposal, contract, public record, affidavit, or other writing for the purpose of defrauding the United States and Ms. Victor, these incidents have been discussed herein and within the attached Exhibits. The Defendants have also uttered or published as true any such false, forged, altered, counterfeited writing, knowing the same to be was false, forged, altered, or counterfeited. The Defendants have presented to offices of the United States and officers of the United States such false, forged, altered, and/or counterfeited writings knowing the same to be false, forged, altered, or counterfeited. Making the Defendants, each of them, subject to fines.

Pursuant to 18 U.S.C §495, the Defendants, even those acting within their full capacity, have falsely made, altered, forged, or counterfeited orders, certificates, receipts, contracts or other writings, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States or any officers or agents thereof, any sum of money. The Defendants, even those acting within their full capacity, have uttered or published ad true any such false, forged, altered, or counterfeited writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited. The Defendants have presented to offices and officers of the United States, any such writing in support of, or in relation to, any account of claim relating to Ms. Victor, with the intention to defraud the United States, knowing

the same to be false, altered, forged, or counterfeited. The Defendants can and will be subjected to fines.

It has been described herein briefly and further in the attached Exhibits of the unlawful conduct, acts and omissions of the Civil Clerks of the Stanley Mosk Courthouse, the Deputy Clerks and assistants in Department 31 of the Stanley Mosk Courthouse, and the Civil Intake Clerks for the U.S. District Court, Central District of California. They have all behaved disgracefully within the judicial system at Ms. Victor's expense, but in order to benefit their own personal interests and the interests of all other named Defendants to this Complaint. Pursuant to 18 U.S.C §645, whoever, being a United States marshal, clerk, receiver, referee, trustee, or other officer of a United States Court or any deputy, or any assistant, or employee of any such officer, unlawfully retains any money coming into his hands by virtue of his official relation, position or employment, is guilty of embezzlement.

Pursuant to 18 U.S.C §872, the Defendants, including those, who are officers or employees of the United States, or any department or agency thereof, under color or pretense of office or employment have committed, or attempted to commit an act of extortion. In fact, Judge Orozco, Judge Miller, JAMs, and Thompson Coburn are attempting to extort Ms. Victor for money at this very moment, which is why this Emergency Motion is necessary, by their false claims against Ms. Victor and with their desperate attempts to dismiss Ms. Victor's case. The California Labor Commissioner's officer and its Deputy Commissioners, whom are named as Defendants on this

Complaint, not only failed Ms. Victor and the general safety of the Public but have ignored California laws they were meant to uphold, making them just as guilty of attempting to extort Ms. Victor for money, money the Defendants, each of them, rightfully owe Ms. Victor for damages.

The Defendants, most specifically, Ms. Riccomini, Thompson Coburn, all employees, affiliates, partners, agents, and/or subsidiaries of Wally's, with the help of JAMs, Judge Orozco, and Judge Miller, have, under a threat of informing, against any violation of any law of the United States, have, and continue to, demand any money, or valuable thing from Ms. Victor, making the Defendants, each of them, guilty of blackmail. For example, after Ms. Victor threatened to inform another court of all the criminal activity surrounding her pending LASC case, Ms. Riccomini and Thompson Coburn threatened to file a second motion for terminating sanctions against Ms. Victor if she DID NOT engage in a discovery that was unlawful and had no legal merit. If Ms. Victor does not do as they say, Ms. Riccomini has threatened Ms. Victor that Thompson Coburn and the Defendants will be going after Ms. Victor for judgement in their favor and to sanction her from ever giving real and true testimony in any court of law. Ms. Riccomini, JAMs, Judge Miller, Wally's, and Judge Orozco, alongside all other named Defendants have basically told Ms. Victor "do as we say… OR ELSE PAY THE PRICE", grounds for blackmail.

Pursuant to 18 U.S.C §1001, the Defendants, who have acted in their full capacity, in a matter within the judicial branch of the Government of the United States, have

knowingly and willfully falsified, concealed, or covered up by any trick, scheme, or device a material fact. Judge Orozco's and Judge Miller's blatant judicial misconduct which has been discussed herein and within the attached Exhibits, shows how they knowingly and have willingly falsified concealed, or covered up by any trick, scheme, or device, several material facts. The Defendants, who have acted in their full capacity, in a matter within the judicial branch of the Government, have made any materially false, fictitious, or fraudulent statements or representations and have made or used any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

Pursuant to 18 U.S.C §1002, the Defendants knowingly, and with intention to defraud the United States, or any agency thereof, have possessed false, altered, or forged, or counterfeited writing or document for the purpose of enabling another to obtain from the United States, or from any agency thereof, any sum of money, shall be subjected to fines. One example of this, which was briefly discussed herein and within the attached Exhibits, was how Mr. Mosley forged Ms. Victor's signature on a retainer that had an entirely different date and lien clauses. Ms. Victor submitted to Judge Orozco and the LASC in July of 2021 documentation showing her termination of services from Mosley & Associates and told Judge Orozco and the court that she would be representing herself until she found new representation. Judge Orozco nor the court removed Mr. Mosley as the attorney of record on Ms. Victor's case. In August of 2021, Ms. Victor filed a motion to Judge Orozco and the court to immediately move Mr. Mosley from the attorney of

record as he was terminated and has absolutely no ties to Ms. Victor or her case. It has now been over a year since that motion was filed to Judge Orozco and the Court, which was not acknowledged nor responded too, and Judge Orozco and the Court have refused to remove Mr. Mosley from the attorney of record. Ms. Victor is informed and believes that this is because Mr. Mosley is expecting some type of payout from the Court, Judge Orozco, Wally's, or Thompson Coburn pending the outcome of Ms. Victor's litigation, and outcome they have planned, from the beginning to move in their favor, not in the furtherance of justice. With that being said, the Defendants, each of them, have obtained, possessed false, altered, forged, or counterfeited writings or documents, knowingly, and with intention, in order to defraud Ms. Victor, the United States, and obtain a sum of money from the United States upon conclusion of this pending litigation, making the Defendants, each of them, subject to fines.

Pursuant to 18 U.S.C §1016, the Defendants, who are officers authorized to administer oaths or take and certify acknowledgements, knowingly makes any false acknowledgement, certificate, or statement concerning the appearance before him or the taking of an oath or affirmation by any person will be subjected to fines. It has been discussed briefly herein and within the attachments how both Judge Orozco and Judge Miller have knowingly made false statements or have certificated acknowledgements concerning the appearances that have been made before them both in the LASC and during arbitration with JAMs. The most recent was Judge Miller's memorandum for the July 29, 2022 hearing, which was not given to Ms. Victor until August 22, 2022, which is

full of completely false statements about the hearing and the entire arbitration, false statements that have been made to protected herself and all other named Defendants and their personal interests. Judge Miller and Judge Orozco have knowingly made false statements or court orders with no remorse to the irreparably injury they have, and continue to cause, Ms. Victor, and they will continue to make such false statements on matters being presented before them unless they are stopped with this injunction.

Pursuant to 18 U.S.C §1018, the Defendants, especially Ms. Riccomini of Thompson Coburn, a public officer who is authorized by any law of the United States to make or give a certificate or writing, has, and will continue to, knowingly make and deliver as true, such certificate or writing, containing statements which he or she knows to be false.

Pursuant to 18 U.S.C §1505, the Defendants, have with the intention to void, evade, prevent, or obstruct compliance, in whole or in part, with any civil investigation, have willfully withheld, misrepresented, removed from any place, concealed, covered up, destroyed, altered, or by other means falsified any documentary material, answers to written interrogatories, or oral testimony, or have attempted to do so. The Defendants have, and continue to, corruptly, by threats, or force, or by any threatening letter or communication influences (such as emails), obstruct, or impede or endeavor to influence, obstruct, or impede the due and proper administration of the law under any and all of Ms. Victor's proceedings which have, and would be had, before any department or agency of the United States, and can and will be subjected to fines.

Pursuant to 18 U.S.C §1509, the Defendants, each of them, have by threats or force willfully prevented, obstructed, impeded, or interfered with, or willfully attempted to prevent, obstruct, impede, or interfere with, the due exercise of Ms. Victor's rights or the performance of duties under any order, judgement, or decrees of a court of the United States and can and will be subjected to fines.

Pursuant to 18 U.S.C §1510, the Defendants, each of them, have willfully endeavored by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statue of the United States by any person to a criminal investigator. Ms. Victor has attempted to report to the Solicitor General of the United States, the Federal Bureau of Investigation, amongst other criminal investigators about the criminal activity of all named Defendants to this Complaint and Emergency Motion. In return the Defendants, each of them, have willfully endeavored by means of bribery to obstruct, delay, or prevent Ms. Victor's communication of information relating to multiple violations of many criminal statues of the United States to a criminal investigator. The Defendants, each of them, have also prevented or conspired with Ms. Victor's reports to the State Bar of California and the Commission on Judicial Performance.

Pursuant to 18 U.S.C §1621, the Defendants, each of them, in circumstances where an oath was to be administered, have testified, declared, deposed, or certified truly, or that any written testimony, declaration, deposition, or certificate by her or him subscribed, is true, willfully and contrary to such oath have stated or subscribed any material matter

which he or she does not believe to be true, making them guilty of perjury. The Defendants, each of them, in any declarations, certificates, verifications, or statements, under the penalty of perjury, willfully have subscribed as true any material matter which he or she does not believe to be true, making the Defendants, each of them, guilty of perjury.

Further, pursuant to 18 U.S.C §1622, the Defendants, each of them, while conspiring with one another, and aiding and abetting on another, have procured another to commit any perjury, making them guilty of subornation of perjury.

As discussed briefly herein and through the attached Exhibits, the Defendants, each of them, have, under oath, or in declarations, verifications, certificates, or statements under the penalty of perjury, in the proceedings related to Ms. Victor's pending LASC case, before the court of the United States, have knowingly made false material declarations or have made or used any other information, including any books, paper, documents, record, recording, or other material, knowing the same to contain false material declarations. For example, Thompson Coburn has submitted to Judge Orozco, Judge Miller, Ms. Victor, the California Labor Commissioner's office falsified pay stub records to reflect pay periods Ms. Victor was not employed nor worked and where Ms. Victor was not ever paid owed wages. Presenting false material declarations under oath to a court is a repeated pattern that will only continue if this Injunction is not enforced immediately.

As stated above and herein, Judge Orozco and the clerks of the Stanley Mosk Courthouse, as well as Judge Fischer and the clerks of the U.S. District Court, Central District of California, have willfully and unlawfully, concealed, removed, or destroyed, or have attempted to do so, or with the intention to do so, has carried away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial officer of the United States. Judge Orozco and the civil clerks in Room 102 of the Stanley Mosk Courthouse, as well as the Deputy Clerks in Department 31 of the Stanley Mosk Courthouse, have willfully and unlawfully concealed, removed, or destroyed multiple Motions Ms. Victor has filed to the court and to Judge Orozco. The Civil Intake of the U.S. District Court, Central District of California have also conceal, removed, destroyed, carried away Ms. Victor's Motion to Disqualify Judge Fischer and Judge Kim and Ms. Victor's Emergency Motion filed to Judge Birotte Jr. that was responded to by Judge Fischer. They can and will be subjected to fines pursuant to 18 U.S.C §2071.

Further, pursuant to 18 U.S.C §2076, any clerk of a district court of the Untied States, who willfully refuses or neglects to make or forward any report, certificate, or statement, or document as required by law can be subjected to fines. The Defendants, who include, the clerks of the U.S. District Court, Central District of California, willfully refused or neglected to make or forward any reports, certificates, statements, or documents in regards to Ms. Victor's multiple motions filed within their court. The Civil

intake of the Central District Court did such with malice and oppression to help all other named Defendants.

## CONCLUSION & IMMEDIATE RELIEF

WHEREFORE PLAINTIFF DANIELLE VICTOR respectfully prays for immediate judgement and relief against the DEFENDANTS, each of them, and DOES 1-100, inclusive, and each of them, and individual DOES 1-100, inclusive, as follows:

1. That the court grant the Plaintiff immediate judgement for her entire prayer of relief that she requested in her First Amended Verified Complaint, the Complaint that both Judge Orozco and Judge Miller refused to acknowledge, as required by law, such relief is **as follows:**

1. That the court find and declare, that the Defendants, each of them, has violated CA Labor Code sections 201-203;

2. That the court award Ms. Victor for all of the Plaintiff's regular wages which were unpaid, from the period of February 15, 2019 to June 14, 2019, at a rate of $14.25 per hour. Ms. Victor seeks an award for two hundred and thirty two (232) regular hours worked. Plaintiff claims overtime wages at the rate of $21.74 per hour for fifty-four (54) hours of unpaid overtime. Ms. Victor seeks award of $4,533.96 in relief for all of her unpaid regular and overtime wages which the Defendants, each of them, have intentionally and maliciously refused to pay Ms. Victor;

3. That the court award Ms. Victor meal period premium wages based on a regular rate of pay of $14.25 per hour, for forty-five (45) workdays, where a meal period was not

provided to Ms. Victor as required by law. The Plaintiff seeks an award in the amount of $641.25;

4. That the court award Ms. Victor rest period premium wages based on a regular rate of $14.25 per hour, for ninety (90) workdays, where a rest period was not provided as required by law. The Plaintiff seeks an award in the amount of $1,282.50;

5. That the court award Ms. Victor liquidated damages, for Labor Code violations, as follows: Minimum wages earned at $12.00 per hour, for a total of two hundred and eighty-six (286) hours where at least minimum wage was not paid as required by law. The Plaintiff seeks an award in the amount of $3,432.00;

6. That the court award Ms. Victor waiting time penalties. Ms. Victor was discharged from Wally's on June 14, 2019, on which date wages were due to Ms. Victor. Plaintiff claims waiting time penalties for thirty days (30) worth of wages, based on rate of pay of $179.22 per day. Daily rate of pay is calculated as follows: eight (8) regular hours at $14.25 per hour, which is $114.00, three (3) overtime hours at a rate of $21.74 per hour, which is $65.22, totaling $179.22. The Plaintiff seeks an award in the amount of $5,376.60;

7. That the court award Ms. Victor compensation for all accrued sick days. Ms. Victor began accruing sick days beginning on February 15, 2019 until her suspension on June 14, 2019. Ms. Victor has accrued, at minimum, forty eight (48) hours (six days) of paid sick leave per month of her employment, totaling two hundred and forty (240) hours of paid sick leave during her five month employment with the Defendants. Pursuant to CA Labor Code, section 246, the Plaintiff was owed compensation for such accrued sick days at the time of her

separation of employment from the Defendants. Plaintiff claims waiting time penalties for thirty days worth of wages, based on a rate of pay of $114.00 per day. Daily rate of pay is calculated as follows: eight regular hours at the pay rate of $14.25 per hour, totaling $114.00. The Plaintiff seeks an award in the amount of $6,840.00;

8. That the court award Ms. Victor compensation for all accrued vacation time. Ms. Victor began accruing vacation time beginning on February 15, 2019 until her suspension on June 14, 2019. Ms. Victor had accrued, at minimum, six days of vacation time for her employment. Ms. Victor was owed compensation for such accrued vacation days at the time of her separation of employment from Wally's. The Plaintiff claims wages earned at the rate of $14.25 per hour, for forty-eight (48) hours worked. Plaintiff was discharged on June 14, 2019, on which date these wages were due. In addition, the Plaintiff claims waiting time penalties for thirty days worth of wages, based on a rate of pay of $114.00 per day. Daily rate of pay is calculated as follows: eight regular hours at the rate of $14.25 per hour, totaling $114.00. The Plaintiff seeks an award in the amount of $4,104.00;

9. That the court find and declare, that the Defendants, each of them, has violated CA Labor Code section 210, The Defendants are liable for one hundred dollars ($100) for their initial failure to pay the Plaintiff and two hundred dollars ($200) for each additional, willful, and intentional, failure to pay the Plaintiff. The Defendants failed to pay the Plaintiff, initially, upon her suspension on June 14, 2019 making them liable for the one hundred dollar ($100) penalty. The Defendants then intentionally and willfully, failed to pay the Plaintiff on August 9, 2019 when her Labor Claim was initially filed, on May 20, 2020 when Deputy Ray and the Plaintiff's

previous counsel closed the claim without the Plaintiff's knowledge, on September 9, 2020 when a complaint was filed in the Los Angeles Superior Court, and through multiple hearings, two unlawful arbitrations, plus meet and confers, the Defendants intentionally and willfully failed to pay the Plaintiff what she was owed, dragging the non-payment of such wages for three years, resulting in approximately 50 subsequent failures to pay Ms. Victor her owed compensation. In addition, Ms. Victor is owed twenty-five percent (25%) of the amount that was withheld from her, which is $26,210.31 The Plaintiff seeks an award in the amount of $16, 652.58;

10. That the court find and declare, that the Defendants, each of them, has violated CA Labor Code section 226, and to penalize the Defendants with an infraction for such violation;

11. The Defendants are liable for fifty dollars ($50) for their initial failure to comply with CA Labor Code section 226, subdivision (a), and the Defendants are liable to pay one hundred dollars ($100) for each additional, willful, and intentional, failure to comply with CA Labor Code subdivision (a), in an amount not to exceed four thousand dollars ($4,000). The Plaintiff seeks immediate judgement in the amount of $4,050.00;

12. That the court find and declare, that the Defendants, each of them, has violated CA Labor Code section 204, an award penalties for each violation, in the amount of one hundred dollars ($100) and two hundred dollars ($200) for each subsequent violation;

13. That the court award Ms. Victor the maximum number of hours accruable pursuant to CA Labor Code section 247.5. The Defendants were obligated by law to maintain

accurate employment records for a minimum of three years, however, they have never, nor do they still have accurate records. The Defendants do not have accurate time stamps for the Plaintiff's missing hours, missing meal/rest periods, vacation time, sick time, etc. Due to their failure to maintain accurate records, the Plaintiff is owed the maximum number of hours available pursuant to this section. The Plaintiff worked for five months with the Defendants, therefore the Plaintiff wants the maximum number of hours to be accrued pursuant to this section to be 150 hours with her daily rate of pay, $14.25. The Plaintiff seeks an award in the amount of $17,100.00;

14. That the court award Ms. Victor a civil penalty of seven hundred and fifty dollars ($750). The Defendants willfully, intentionally, and maliciously violated CA Labor Code section 226, pursuant to subdivision (f) the Defendants are liable to pay the Plaintiff a penalty of seven hundred and fifty dollars ($750);

15. That the court award Ms. Victor penalties, pursuant to CA Labor Code section 226.3, of two hundred and fifty dollars ($250) for each violation of CA Labor Code section 226, subdivision (a), and one thousand dollars ($1,000) for each subsequent violation; and any and all other civil penalties available pursuant to CA Labor Code section 226.3;

16. That the court find and declare that the Defendants, each of them, guilty of a misdemeanor pursuant to CA Labor Code section 226.6, and may the court award Ms. Victor any civil penalties applicable by law in addition to, including any other penalty provided by law;

17. That the court award the penalty of seven hundred and fifty dollars ($750) as well as injunctive relief, and any additional interest thereon, pursuant to CA Labor Code section 1198.5;

18. That the court prohibit the Defendants from introducing any evidence, books, documents, or records that can add further fraud on the court, pursuant to CA Labor Code section 1174.1;

19. That the court award the civil penalty of five hundred dollars ($500) to Ms. Victor, pursuant to CA Labor Code section 1174.5;

20. That the court find and declare that the Defendants, each of them, are guilty of a misdemeanor, pursuant to CA Labor Code 1175;

21. That the court award Ms. Victor compensation of one additional hour of pay for every meal or rest or recovery period that the Defendants did not provide to Ms. Victor, pursuant to CA Labor Code 226.7, subdivision (c);

22. That the court find and declare that the Defendants, each of them, are guilty of a misdemeanor, pursuant to CA Labor Code section 351 and 354; and award Ms. Victor a civil penalty of a minimum of one thousand dollars ($1,000); The Defendants failed to pay the Plaintiff owed gratuities. Pursuant to CA Labor Code Section 354, the Defendants are guilty of a misdemeanor. The Plaintiff claims one thousand dollars ($1,000) as a civil penalty.

23. Pursuant to CA Labor Code section 356, every department of the State of California is bound, as part of the social public policy of the State of California, to prevent fraud upon the public in connection with the practice of tipping. The Defendants have attempted to use

a private arbitration to fraud the public and Ms. Victor from gratuity she has earned and was denied.

Ms. Victor moves the court to enforce such public policy and prevent the Defendants from further fraud on the court and upon the public;

24. That the court award Ms. Victor compensation for all said gratuity, plus interest thereon; The Defendants owed the Plaintiff a two thousand dollar tip which has still not being given to the Plaintiff. In addition to the civil penalty of one thousand dollars ($1,000), the Plaintiff claims the two thousand dollars ($2,000) gratuity she is owed, and waiting time penalties for their failure to pay such gratuity. The Plaintiff seeks an award in the amount of $6,420.00 and any additional interest thereon;

25. That the court find and declare that the Defendants, each of them, are guilty of a misdemeanor, pursuant to both CA Labor Code section 510 and CA Labor Code section 553;

26. That the court award Ms. Victor all interest, plus prejudgement interest, and further all fees and costs for enforcing a court order for such compensation, pursuant to CA Labor Code section 1194, subdivision (a) and CA Labor Code section 1194.3; Pursuant to CA Labor Code section 1194.3, the Plaintiff may recover costs of suit, to enforce the court judgement for all unpaid wages. The Plaintiff claims costs of suit for her one year of self representation at the rate of her former attorney Walter Mosley of eight hundred dollars ($800) per hour, for eight hours a day, five days a week, as the Plaintiff has worked tirelessly and effortlessly to obtain her unpaid compensation from the Defendants, amongst other things. The

Plaintiff seeks an award in the amount of one million, five hundred and thirty-six thousand dollars ($1,536,000.00);

27. That the court order an injunction against the Defendants, each of them, to stop any further violations of any such laws, regulations, or orders by the Defendants, pursuant to CA Labor Code section 1194.5;

28. That the court award Ms. Victor all civil penalties available pursuant to CA Labor Code section 558, subdivisions (a) and (c); in addition to any other civil or criminal penalties provided by law; Pursuant to CA Labor Code section 558, any person who violates, or causes to be violated, any provisions of the CA Labor Code Chapter are held liable for civil penalties. The Plaintiff holds twenty two (22) corporations and/or individuals liable for each and every violation. The Defendants are liable for fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. The Defendants are also liable for each subsequent violation, for one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. The Plaintiff seeks an award in the amount of $29,700.00 and any additional amount the court deems proper;

29. That the court award Ms. Victor all compensation owed, plus interest thereon, including prejudgement interest to the extent of the law;

30. That the court award Ms. Victor a civil penalty of ten thousand dollars ($10,000) for each separate violation, pursuant to CA Labor Code section 1102.5, subdivision (f); in an amount no less than two hundred and twenty thousand dollars ($220,000);

31. That the court enforce an injunction restraining the Defendants, each of them, from the use or operation thereof until their working conditions are no longer a serious menace to the life and safety of Ms. Victor and the lives and safety of the public;

32. That the court find and declare that the Defendants, each of them, are guilty of a misdemeanor, pursuant to CA Labor Code section 1199;

33. That the court award Ms. Victor three times the maximum amount of actual damages for the Defendants violations of the Unruh Civil Rights Act, CA Civil Code section 51;

34. That the court order injunctive relief for the Defendants, each of them, discrimination and violations of the Unruh Civil Rights Act; in addition to damages for past harm;

35. That the court award Ms. Victor a civil penalty of twenty-five thousand dollars ($25,000) at all times applicable, pursuant to CA Civil Code section 52; in an amount no less than seventy-five thousand dollars ($75,000);

36. That the court grant Ms. Victor all statutory damages, including actual and exemplary damages pursuant to CA Civil Code section 52; in an amount no less than one million dollars ($1,000,000);

37. That the court find and declare that the Defendants, each of them, are guilty of the crime of stalking, pursuant to the CA Penal Code section 646.9;

38. That the court award Ms. Victor all general, special, and punitive damages available under each cause of action, pursuant to CA Civil Code section 3294; in an amount no less than one million dollars ($1,000,000);

39. That the court award Ms. Victor three times the amount of any general and special damages; in addition to a civil penalty of fifty thousand dollars ($50,000) for each responsible person, pursuant to CA Civil Code section 1708.8, subdivision (e); in an amount no less than one million one hundred thousand dollars ($1,100,000);

40. That the court award Ms. Victor all exemplary damages applicable by law, pursuant to CA Civil Code section 3340;

41. That the court award Ms. Victor all damages applicable by law plus prejudgement interest, pursuant to CA Civil Code sections 3287 and 3288; and any other provisions of law providing for prejudgement interest;

42. That the court order the Defendants, each of them, enjoined, pursuant to the police power granted by CA Government Code sections 12920 and 12920.5 for failing and refusing to comply with the mandates of FEHA;

43. That the court order the Defendants, each of them, enjoined, pursuant to CA Government Code, section 12965, subdivision (c), for failing and refusing to comply with the mandates of FEHA;

44. That the court award Ms. Victor a civil penalty of ten thousand dollars ($10,000) for each person who intentionally engaged in acts of reprisal, retaliation, threats, coercion, or similar acts against Ms. Victor for making protected disclosures, pursuant to CA

Government Code section 8547.8, subdivision (b); in an amount no less than two hundred and twenty thousand dollars ($220,000);

45. That the court award Ms. Victor a civil penalty of ten thousand dollars ($10,000) for each person who intentionally engaged in acts of reprisal, retaliation, threats, coercion, or similar acts against Ms. Victor for making protected disclosures, pursuant to CA Government Code section 8547.13, subdivision (d); in an amount no less than two hundred and twenty thousand ($220,000);

46. That the court find and declare that the Defendants, each of them, are guilty of a felony, for each separate violation, pursuant to CA Penal Code section 115, subdivision (a);

47. That the court find and declare that the Defendants, each of them, are guilty of a misdemeanor pursuant to CA Penal Code section 133;

48. That the court find and declare that the Defendants, each of them, are guilty of perjury pursuant to CA Penal Code section 118;

49. That the court find and declare that the Defendants, each of them, are guilty of subornation of perjury pursuant to CA Penal Code section 127;

50. That the court find and declare that the Defendants, each of them, are guilty of a felony pursuant to CA Penal Code section 132;

51. That the court find and declare that the Defendants, each of them, are guilty of a felony pursuant to CA Penal Code section 134;

52. That the court find and declare that the Defendants, each of them, are guilty of a public offense pursuant to CA Penal Code section 136.1;

53. That the court find and declares that the Defendants, each of them, are guilty of a felony pursuant to CA Penal Code section 182;

54. That the court award Ms. Victor a civil penalty of twenty-five thousand dollars ($25,000) pursuant to CA Penal Code section 182;

55. That the court enforce an order protecting Ms. Victor from any further acts of violence, threats, stalking, or harassment by each Defendant, including DOES 1-100, inclusive, pursuant to CA Penal Code section 422.85;

56. That the court issue declaratory and injunctive relief, immediately, against the County of Los Angeles for the above violations of federal and state laws;

57. That the court issue injunctive relief, immediately, against the Defendants for the above violations of federal and state laws;

58. That the court award Ms. Victor all loss of earnings; in an amount no less than one million dollars ($1,000,000);

59. That the court award Ms. Victor all future loss of earnings; in an amount no less than one million dollars ($1,000,000);

60. That the court award Ms. Victor all economic and non-economic damages; in an amount no less than one million dollars ($1,000,000);

61. That the court award Ms. Victor all past and future medical and related expenses; in an amount no less than one million dollars ($1,000,000);

62. That the court award Ms. Victor all monetary damages; in an amount no less than one million dollars ($1,000,000);

63. That the court award Ms. Victor all punitive and exemplary damages, in a sum appropriate to pushes the Defendants, each of them, including DOES 1-100, inclusive, and set an example for others; in an amount no less than four million dollars ($4,000,000);

64. That the court award Ms. Victor all special damages, in an amount no less than one million dollars ($1,000,000);

65. That the court award Ms. Victor all general damages, in an amount no less than one million dollars ($1,000,000);

66. That the court issue an order imposing all statutory and/or civil penalties provided by law, together with interest on these amounts; in an amount no less than one million dollars ($1,000,000);

67. That the court issue a declaratory judgement that the Defendants, each of them, have violated the CA Labor laws and public policy as alleged herein;

68. That the court issue a declaratory judgment that the Defendants, each of them, have violated CA Civil laws and public policy as alleged herein;

69. That the court issue a declaratory judgement that the Defendants, each of them, have violated CA Government laws and public policy as alleged herein;

70. That the court issue a declaratory judgement that the Defendants, each of them, have violated the laws of the State of California and of the CA Constitution as alleged herein;

71. That the court issue a declaratory judgement that the Defendants, each of them, have violated the laws of the United States and of the United States Constitution as alleged herein;

72. That the court issue a declaratory judgement that the Defendants, each of them, have violated CA Penal laws and public policy as alleged herein;

73. That the court order the Defendants, each of them, enjoined and to cease and desist from unlawful and/or unfair business activities in violation of CA Business and Professions Code section 17200, pursuant to CA Business and Professions Code section 17203;

74. That the court award Ms. Victor restitution of the funds improperly obtained by the Defendants, each of them.

75. That the court award Ms. Victor restitution of all monies due to Ms. Victor from the unlawful business practices of the Defendants, each of them;

76. That the court award Ms. Victor all consequential damages applicable by law; in an amount no less than one million dollars ($1,000,000);

77. That the court award Ms. Victor for all prejudgement interest, available by law, at the prevailing legal rate;

78. That the court award Ms. Victor for all post judgement interest, available by law, at the prevailing legal rate;

79. That the court award Ms. Victor any further equitable relief that the court may deem just and proper;

80. That the court award Ms. Victor any further available statutory penalties, together with interest, that the court may deem just and proper;

81. That the court award of such other and further relief that the court may deem appropriate;

82. That that court award or issue all other available remedies applicable by law;

83. That the court award Ms. Victor all reasonable fees and costs of suit, including any additional expenses; in an amount no less than three million dollars ($3,000,000);

2. That the court grant the Plaintiff monetary sanctions against the Defendants, each of them, for Ms. Riccomini's and Thompson Coburn's frivolous pleading requesting terminating sanctions against Ms. Victor and for the threat to file a second frivolous pleading if Ms. Victor does not do as the Defendants say in the amount of two million dollars, five hundred thousand dollars ($2,500,000) which was requested by the Plaintiff in her Motion for Sanctions submitted to Judge Miller and JAMs which was wrongfully, unlawfully, and corruptly denied;

3. That the court subject the Defendants, each of them, to a civil penalty of one thousand dollars ($1,000) pursuant to 18 U.S.C §35. The Defendants, each of them, willfully, maliciously, and with reckless disregard for the safety of the Plaintiff's life, imparted and conveyed or caused to be imparted or conveyed false information, knowing the information to be false;

4. That the court subject the Defendants, each of them, to a fine that is three times the monetary equivalent of the thing in value, pursuant to 18 U.S.C §201; in a sum amount to be determined by this court;

5. That the court subject each Defendant, whom acting in their full capacity, under color of law, be fined a civil penalty of fifty thousand dollars ($50,000) for each violation, pursuant to 18 U.S.C §208; in a sum amount to be determined by this court;

6. That the court subject the Defendants, each of them, to a fine, pursuant to 18 U.S.C §241, for their conspiracy against Ms. Victor's right; in a sum amount to be determined by this court;

7. That the court subject the Defendants, each of which, whom were acting in their full capacity, under color of law, to a fine pursuant to 18 U.S.C §242, who deprived the Plaintiff of her rights; in a sum amount to be determined by this court;

8. That the court subject the Defendants, each of them, to a fine substantial enough for their multiple hate crimes against Ms. Victor; in a sum amount to be determined by this court;

9. That the court find the Defendants, each of them, guilty of committing or attempting to commit sexual abuse and fine each Defendant for such offenses; in a sum amount to be determined by this court;

10. The the court subject the Defendants, each of them, to a fine for taking or using papers related to the Plaintiff's claim by unlawful means to help benefit themselves which caused more irreparable injury to Ms. Victor, pursuant to 18 U.S.C §285; in a sum amount to be determined by this court;

11. That the court find the Defendants, each of them, guilty of conspiring with one another to defraud the United States, in respect to the Plaintiff's claim, pursuant to 18 U.S.C §286; and that the court fine the Defendants, each of them, for such conspiracy; in a sum amount to be determined by this court;

12. That the court find the Defendants, each of them, guilty of conspiracy to commit offense or to defraud the United States, pursuant to 18 U.S.C §371; and that the court fine the Defendants, each of them, for such conspiracy; in a sum amount to be determined by this court;

13. That the court find the Defendants, each of them, guilty of falsely making, forging, and/or altering any obligation or other security of the United States, pursuant to 18 U.S.C §471; and that the court fine the Defendants, each of them, in a sum amount to be determined by this court;

14. That the court find the Defendants, each of them, guilty of, with the intention to defraud the United States, passing, uttering, publishing, or selling or have attempted to pass, utter, publish, or sell any obligation or other security of the United States, pursuant to 18 U.S.C §472; and that the court fine the Defendants, each of them, in a sum amount to be determined by this court;

15. That the court find that the Defendants, each of them, have violated the statue 18 U.S.C §494, on several occasions; and that the court fine the Defendants, each of them, in a sum amount to be determined by this court;

16. Pursuant to 18 U.S.C §495, that the court subject the Defendants, each of them, to a fine; in a sum amount to be determined by this court;

17. That the court find the Defendants, each of them, guilty of embezzlement, pursuant to 18 U.S.C §645; and that the court subject the Defendants, each of them, to a fine double the value of the money so embezzled by each Defendant; in a sum amount to be determined by this court;

18. Pursuant to 18 U.S.C §872, that the court subject the Defendants, each of them; in a sum amount to be determined by this court; for committing or attempting to commit extortion against the Plaintiff;

19. That the court fine the Defendants, each of them; in a sum amount to be determined by this court; for blackmailing the Plaintiff, pursuant to 18 U.S.C §873;

20. That the court fine the Defendants whom were acting in their full capacity under the color of law; in a sum amount to be determined by this court; for falsifying, concealing, or covering up by any trick, scheme, or device a material fact; and making any materially false, fictitious, fraudulent statement or representation; and for making or using any false writing, or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, pursuant to 18 U.S.C §1001;

21. That the court find the Defendants, each of them, guilty of being in possession of false papers to defraud the United States, pursuant to 18 U.S.C §1002; in a sum amount to be determined by this court;

22. That the court find that false statements have been made concerning the appearances made before officers authorized to administer oaths, pursuant to 18 U.S.C §1016; and that the court fine the Defendants, each of them, for making such false statements; in a sum amount to be determined by this court;

23. That the court find the Defendants, each of them, guilty of knowingly making and delivering as true any such certificate or writing which contained statements known to be false

by said Defendants, pursuant to 18 U.S.C §1018; and that the court subject the Defendants, each of them, to a fine; in a sum amount to be determined by this court;

24. That the court find the Defendants, each of them, guilty of obstructing proceedings before departments, agencies, and committees, pursuant to 18 U.S.C §1505; and that the court subject the Defendants, each of them, to a fine; in a sum amount to be determined by this court;

25. That the court find the Defendants, each of them guilty of the obstruction of court orders, pursuant to 18 U.S.C §1509; and to subject the Defendants, each of them, to a fine; in a sum amount to be determined by this court;

26. That the court find the Defendants, each of them, guilty of the obstruction of criminal investigations, pursuant to 18 U.S.C §1510; and that the court subject the Defendants, each of them, to a fine; in a sum amount to be determined by this court;

27. That the court find the Defendants, each of them, guilty of committing perjury, pursuant to 18 U.S.C §1621; and that the court subject the Defendants, each of them, to a fine; in a sum amount to be determined by this court;

28. That the court find the Defendants, each of them, guilty of the subornation of perjury, pursuant to 18 U.S.C §1622; and that the court subject the Defendants, each of them, to a fine; in a sum amount to be determined by this court;

29. That the court find the Defendants, each of them, guilty of making false declarations before the court, pursuant to 18 U.S.C §1623; and that the court subject the Defendants, each of them, to a fine; in a sum amount to be determined by this court;

30. That the court find the Defendants, each of them, guilty of the concealment, removal, or mutilation of any record, proceeding, map, book, paper, document, or other thing, pursuant to 18 U.S.C §2071; and that the court subject the Defendants, each of them, to a fine; in a sum amount to be determined by this court;

31.That the court find the court clerks of the U.S. District Court, Central District of California guilty of willfully refusing or neglecting to make or forward any reports, certificates, statements, or documents, as required by law to intentionally and maliciously cause the Plaintiff irreparable injury; and pursuant to 18 U.S.C §2076, that the court subject the Defendants, each o them, to a fine; in a sum amount to be determined by this court.

32. That the court move the Defendants, who are correlated with social media, email, and/or online in general, to stop interfering with the Plaintiff and her twin sister's pages, suppressing or shadow banning their posts and/or their videos, interfering with email correspondence whether that be emails that come or go; and may the court order Facebook to give Plaintiff and her twin sister back full access to their joint page "Victor Twins" that has over 4.2 million followers; and that the court order such Defendants to pay the Plaintiff and her twin sister a fine of no less than five hundred thousand dollars ($500,000) for loss of wages and/or earnings and loss of future wages and/or earnings, for their willful and malicious interference;

33. That the court order blog site "Lip Stick Alley" to immediately delete the thread, and all threads, related to the "Victor Twins" or "Danni and Gabi", as they have stolen all of the Victor Twins content that is copyrighted and have refused to delete such content. This blog site has also posted the Plaintiff's private information, including her social security number, which

was posted on the Court docket in the LASC, and despite Ms. Victor asking the LASC and Judge Orozco to remove the filing via a Motion, they kept the filing with the Plaintiffs information as a form of retaliation, which has now been posted all over this blog site, maliciously; that the court order this blog site to pay the Plaintiff and her family in damages, in addition to copyright violations, and loss of earnings and loss of future earnings; in a sum amount of no less than one million dollars ($1,000,000);

34. That this court make the Defendants, each of them, pay Ms. Victor all potential damages, including liquidated damages and penalties, of all possible future law suits as their actions, each of them, have made Ms. Victor lose complete faith in the entire judicial system and has instilled extreme fear and PTSD at going through this process ever again; in a sum amount to be determined by this court;

35. Any other remedy this court deems just and proper; and

36. That this court make the Defendants, each of them, provide Ms. Victor relief within seven business days of this courts order, as Ms. Victor will be fearing further retaliation or harm if relief is not granted immediately.

**DATED:** August 26, 2022

**BY:** ______________________

DANIELLE K. VICTOR
PLAINTIFF IN PRO SE

## VERIFICATION

I am the Plaintiff in this action. I have read the foregoing **PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDERS AGAINST EACH NAMED DEFENDANT, AND IMMEDIATE EMERGENCY RELIEF/ JUDGEMENT IN FAVOR OF THE PLAINTIFF** and know its contents.

The matters stated in the foregoing **PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDERS AGAINST EACH NAMED DEFENDANT, AND IMMEDIATE EMERGENCY RELIEF/ JUDGEMENT IN FAVOR OF THE PLAINTIFF** are true of my own knowledge except as to those matters which are alleged on information and belief, and as to those matters I believe them to be true.

Executed on August 26, 2022, at Methuen, Massachusetts.

I declare under the penalty of perjury under the laws of the State of Massachusetts, the State of California, and under the laws of the United States of America, that the forgoing is true and correct.

Danielle K. Victor
Plaintiff in Pro Se