```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


DANIELLE VICTOR,                )
        Plaintiff,              )
                                )         Civil Action
        v.                      )         No. 22-11348-PBS
                                )
JUDGE YOLANDA OROZCO, et al.,   )
        Defendants.             )
```

### ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

September 19, 2022

SARIS, D.J.

Pro se plaintiff Danielle Victor of Methuen, Massachusetts, filed a complaint against 11 California defendants and a Delaware corporation. Dkt. No. 1. The complaint asserts this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, and diversity jurisdiction pursuant to 28 U.S.C. § 1332 and identifies numerous federal statues as the basis for this action including the civil RICO statute, 18 U.S.C. § 1964(c). Id. With the complaint, Victor filed motions for temporary restraining order, for leave to proceed in forma pauperis and for appointment of counsel. Dkt. Nos. 2 – 4.

In her emergency motion, Victor "moves for a temporary restraining order and preliminary injunction on an emergency and expedited basis to prevent the Defendants, each of them, from further interference of Ms. Victor's civil rights with their

desperate attempts to dismiss Ms. Victor's pending Los Angeles Superior Court case through arbitration where it was illegally put with JAMS, Inc."   Dkt. No. 2, at p. 4.

As an initial matter, the motion is not signed and the Court notes that there is no certification in writing of any effort Victor has made to provide at least informal notice and no details as to the reasons why such notice should not be required. See Fed. R. Civ. P. 65(a)(1).

Plaintiff has not shown a likelihood of success on whether this Court has personal jurisdiction over the defendants against whom Victor asks this Court to issue a temporary restraining order.  Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)).  The due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co. V. Washington, 326 U.S. 310, 319 (1945)).  Therefore, a court is precluded from asserting jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should

reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Here, there is no suggestion of that any of the defendants have "meaningful contacts" with Massachusetts, either in general or in regards to the incidents in question, such that they would anticipate being haled into court in Massachusetts to respond to allegations concerning litigation in California state and federal courts. In the absence of such "meaningful contacts," the Court likely lacks personal jurisdiction over the persons against whom Victor seeks relief.

Moreover, to the extent Victor seeks to challenge rulings rejected by the California state court, "[u]nder the Rooker-Feldman doctrine, federal district courts lack jurisdiction over 'federal complaints... [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments.'" Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 20 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005)). While Victor does not style her claim as an appeal from a state court decision, this Court nevertheless lacks jurisdiction because the district court will be "without jurisdiction if the federal claim is 'inextricably intertwined' with the state court's decision." Munroe v. McGee, 478 F. Supp. 2d 110, 119 (D. Mass. 2007).

Finally, to the extent there are ongoing state proceedings, it is appropriate for this court to abstain from adjudicating the instant action under Younger v. Harris, 401 U.S. 37 (1971). "[F]ederal courts must 'abstain from interfering with state court proceedings even where defendants claim violations of important federal rights.'" Watson v. Ordonez, No. CV 17-11871-NMG, 2018 WL 3118420, at *2 (D. Mass. June 22, 2018)(quoting In re Justices of Superior Court Dep't of Mass. Trial Court, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases)).

Accordingly, the motion (Dkt. No. 2) for temporary restraining order and/or preliminary injunction is DENIED. SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE