## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

DANIELLE VICTOR,                    )
       Plaintiff,               )
                        )        Civil Action
       v.                         )        No. 22-11348-PBS
                        )
JUDGE YOLANDA OROZCO, et al.,       )
       Defendants.              )

### MEMORANDUM AND ORDER

September 19, 2022

SARIS, D.J.

For the reasons set forth below, the Court allows plaintiff's motion for leave to proceed in forma pauperis and denies the motion for counsel.  If plaintiff wishes to proceed with this action, the Court grants her time to file an amended complaint that demonstrates this Court's jurisdiction.

### BACKGROUND

Pro se plaintiff Danielle Victor of Methuen, Massachusetts, filed a complaint against 11 California defendants and a Delaware corporation.  Dkt. No. 1.  The complaint asserts this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, and diversity jurisdiction pursuant to 28 U.S.C. § 1332 and identifies numerous federal statues as the basis for this action including the civil RICO statute, 18 U.S.C. § 1964(c). Id.  With the complaint, Victor filed motions for temporary

restraining order, for leave to proceed in forma pauperis and
for appointment of counsel.  Dkt. Nos. 2 – 4.

As best can be gleaned from the pleadings, Victor initiated
a pro se action in the Los Angeles Superior Court against her
former employer, see Victor v. Southwest Wine and Spirits, No.
20STCV34566, and against Victor's objection, the case was sent
to arbitration before Defendant JAMS.  In May 2022, and again in
June 2022, Victor made two unsuccessful attempts to remove the
state court action to the United States District Court for the
Central District of California.  See Victor v. Southwest Wine
and Spirits, 22-3312-DSF-SK (closed May 19, 2022); Victor v.
Southwest Wine and Spirits, 22-3312-DSF-SK (closed June 28,
2022).

In her emergency motion, Victor "moves for a temporary
restraining order and preliminary injunction on an emergency and
expedited basis to prevent the Defendants, each of them, from
further interference of Ms. Victor's civil rights with their
desperate attempts to dismiss Ms. Victor's pending Los Angeles
Superior Court case through arbitration where it was illegally
put with JAMS, Inc."  Dkt. No. 2, at p. 4.

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Upon review of the motion for leave to proceed in forma
pauperis, Dkt. No. 3, the Court concludes that plaintiff has

adequately demonstrated that she is without income or assets to pay the filing fee. Accordingly, the Court ALLOWS the motion.

## **LEGAL STANDARDS**

Plaintiff's complaint is subject to screening pursuant to 28 U.S.C. § 1915 ("Section 1915") because Victor is proceeding in forma pauperis.  Section 1915 authorizes federal courts to dismiss a complaint if the claims are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

Additionally, a court has an obligation to inquire sua sponte into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). To invoke this court's subject matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity).  The Rooker-Feldman jurisdictional doctrine restricts federal court jurisdiction.  The Rooker-Feldman doctrine provides that "federal district courts lack jurisdiction over federal complaints that essentially invite federal courts of first instance to review and reverse unfavorable state-court judgments." Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 20

3

(1st Cir. 2005) (internal alterations and quotation marks omitted).

A court is precluded from asserting jurisdiction over a defendant unless "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)). A plaintiff consents to the personal jurisdiction of a court by bringing suit in that court. See Adam v. Saenger, 303 U.S. 59, 67 (1938). But as to the defendants, the due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co. V. Washington, 326 U.S. 310, 319 (1945)).

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). The general venue statute

provides that a civil action may be brought in: (1) a judicial
district in which any defendant resides, if all defendants are
residents of the State in which the district is located; (2) a
judicial district in which a substantial part of the events or
omissions giving rise to the claim occurred, or a substantial
part of property that is the subject of the action is situated;
or (3) if there is no district in which an action may otherwise
be brought as provided in this section, any judicial district in
which any defendant is subject to the court's personal
jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Here, the Court liberally construes the plaintiff's
complaint because she is proceeding pro se. See Haines v.
Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of
Law, 389 F.3d 5, 13 (1st Cir. 2004).

## DISCUSSION

To the extent Victor seeks to challenge rulings rejected by
the California state court, "[u]nder the Rooker-Feldman
doctrine, federal district courts lack jurisdiction over
'federal complaints... [that] essentially invite[ ] federal
courts of first instance to review and reverse unfavorable
state-court judgments.'" Federacion de Maestros de Puerto Rico
v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17,
20 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic
Indus. Corp., 544 U.S. 280, 283 (2005)). While Victor does not

5

style her claim as an appeal from a state court decision, this Court nevertheless lacks jurisdiction because the district court will be "without jurisdiction if the federal claim is 'inextricably intertwined' with the state court's decision." Munroe v. McGee, 478 F. Supp. 2d 110, 119 (D. Mass. 2007).

Next, to the extent there are ongoing state proceedings, it is appropriate for this court to abstain from adjudicating the instant action under Younger v. Harris, 401 U.S. 37 (1971). Under Younger, "a federal court must abstain from reaching the merits of a case over which it [otherwise] has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding ... that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996) (citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). "In fact, federal courts must 'abstain from interfering with state court proceedings even where defendants claim violations of important federal rights.'" Watson v. Ordonez, No. CV 17-11871-NMG, 2018 WL 3118420, at *2 (D. Mass. June 22, 2018)(quoting In re Justices of Superior Court Dep't of Mass. Trial Court, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases)). Here, it appears all three elements are fulfilled.

To the extent Victor seeks to appeal the rulings made in the Central District of California, this Court is unable to directly review the decisions of another United States District Court judge on appeal.  See 28 U.S.C. § 1291 ("the courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States").

### ORDER

Based upon the foregoing, it is it is it is hereby ORDERED that

1.   The motion for leave to proceed in forma pauperis (Dkt. No. 3) is **GRANTED**.

2.   The motion to appoint counsel (Dkt. No. 4) is **DENIED**.

3.   If Plaintiff wishes to proceed in this matter, she must file an amended complaint that demonstrates this Court's jurisdiction.  Failure to comply with this directive on or before October 19, 2022, will result in dismissal of this action.

SO ORDERED.


/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE