## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANIELLE VICTOR, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | No. 22-11348-PBS |
| | ) | |
| JUDGE YOLANDA OROZCO, et al., | ) | |
| Defendants. | ) | |

### ORDER

October 14, 2022

SARIS, D.J.

On September 19, 2022, plaintiff was granted leave to proceed in forma pauperis and her motion to appoint counsel was denied.  See Dkt. No. 7.  The Court's Memorandum and Order provided several reasons why plaintiff's complaint cannot proceed in this Massachusetts federal court.  Id.  The Court explained that this Court is without jurisdiction under the Rooker-Feldman doctrine and/or must abstain under Younger v. Harris, 401 U.S. 37 (1971).  Id.  To the extent Victor seeks to appeal the rulings made in the Central District of California, this Court is unable to directly review the decisions of another United States District Court judge on appeal.  Id. Additionally, venue is not proper in this district under 28 U.S.C. § 1391(b).  Id.  Plaintiff was advised that if she wanted to proceed, she must file, on or before October 19, 2022, an amended complaint that demonstrates this Court's jurisdiction.

Now before the Court is plaintiff's motion for reconsideration of the denial of her motion to appoint counsel. See Dkt. No. 9.  Plaintiff also filed a motion for full court review pursuant to 28 U.S.C. § 2281.  See Dkt. No. 10.

As an initial matter, the Court notes that plaintiff's motions are directed to the chief judge.  However, final decisions of this court are not appealable to the chief judge, but to the United States Court of Appeals for the First Circuit. 28 U.S.C. § 1291.

Plaintiff contends that she is entitled to appointment of counsel because she was granted leave to proceed in forma pauperis.  However, plaintiff is mistaken in her belief that she has "the right to be appointed counsel since she cannot afford one."  Dkt. No. 9, p. 4.  A civil plaintiff, such as plaintiff, lacks a constitutional right to free counsel.  Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir.1991).  At this early stage of the proceedings, and because it appears this Court is without jurisdiction, plaintiff's motion for reconsideration will be denied.

Finally, to the extent plaintiff requests review pursuant to 28 U.S.C. 2281, this statute was repealed in 1976. See Shapiro v. McManus, 577 U.S. 39, 40-41 (2015).

Accordingly,

1.   The motion for reconsideration (Dkt. No. 9) is **DENIED**.

2.    The motion/emergency request for full court review
(Dkt. No. 10) is **DENIED**.

3.    If plaintiff wishes to proceed in this matter, she
must file on or before October 28, 2022, an amended complaint
that demonstrates this Court's jurisdiction.

SO ORDERED.


                              /s/ Patti B. Saris
                              PATTI B. SARIS
                              UNITED STATES DISTRICT JUDGE