UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
DANIELLE VICTOR,                  )
                                  )
          Plaintiff,              )
                                  )       Civil Action
     v.                           )       No. 22-11348-PBS
                                  )
JUDGE YOLANDA OROZCO, et al.,     )
                                  )
          Defendants.             )
```

**MEMORANDUM AND ORDER**

November 7, 2022

SARIS, D.J.

For the reasons stated below, the Court denies plaintiff's motions for immediate recusal and disqualification (Dkt. No. 13), for full court review (Dkt. No. 14), and for reconsideration of the denial of her motion to appoint counsel (Dkt. No. 15).

Plaintiff's complaint is subject to dismissal for failure to file an amended complaint and for the reasons stated in the Court's September 19, 2022 Memorandum and Order. Plaintiff will be granted one final opportunity to file an amended complaint.

## I.   Relevant Background

Danielle Victor ("plaintiff"), a resident of Massachusetts proceeding pro se, filed this action against 11 California

defendants and a Delaware corporation.[1]  Dkt. No. 1.  Thereafter,
plaintiff was granted leave to proceed in forma pauperis and her
motions for temporary restraining order and to appoint counsel
were denied.  See Dkt. Nos. 6, 7.  At that time, the Court
concluded that plaintiff's complaint cannot proceed in this
Massachusetts federal court and plaintiff was advised that if
she wanted to proceed, she must file, on or before October 19,
2022, an amended complaint that demonstrates this Court's
jurisdiction.  Id.

The Court explained that this Court is without jurisdiction
under the Rooker-Feldman doctrine and/or must abstain under
Younger v. Harris, 401 U.S. 37 (1971).  See Dkt. No. 7 (Sept.
19, 2022 Memorandum and Order).  To the extent plaintiff seeks
to appeal the rulings made in the Central District of
California, plaintiff was advised that this Court is unable to
directly review the decisions of another United States District
Court judge on appeal.  Id.  Additionally, plaintiff was advised
that venue is not proper in this district under 28 U.S.C. §
1391(b).  Id.  The court explicitly warned plaintiff that
failure to file an amended complaint on or before October 19,
2022 "will result in dismissal of this action."  Id.

---

[1] Although the body of the complaint identifies 11 defendants,
Dkt. No. 1, plaintiff attaches to the complaint an 8-page
exhibit titled "Named Defendants Continued."  Dkt. No. 1-4
(Exhibit 1).

On October 7, 2022, plaintiff filed motions for reconsideration of the denial of her motion to appoint counsel and for full court review pursuant to 28 U.S.C. § 2281. See Dkt. Nos. 9, 10.  On October 14, 2022, the court denied these motions and advised plaintiff that if she wanted to proceed in this matter, her amended complaint must be filed on or before October 28, 2022.  See Dkt. No. 11.

On October 24, 2022, plaintiff filed motions for immediate recusal and disqualification, for full court review, and for reconsideration of the denial of her motion to appoint counsel. See Dkt. Nos. 13 - 15.

## II.  Plaintiff's Motion for Recusal

Plaintiff brings her motion for recusal pursuant to 28 U.S.C. §§ 144[2] and 455[3], based on rulings and orders that she

---

[2] Section 144 provides that:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such a proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists....

28 U.S.C. § 144.

[3] Section 455 provides:

finds improper, and which she perceives as revealing a bias or prejudice, or at least the appearance of bias or prejudice against her in favor of one or more of the numerous defendants. See Dkt. No. 13.  In the introduction to her motion, plaintiff states that she "addresses this [motion for recusal], ex-parte, to Chief Judge F. Dennis [S]aylor IV of this Court."  Id. at p. 1.  Among other things, plaintiff contends that the undersigned did "have the power to grant Ms. Victor's request for temporary restraining orders and/or preliminary injunctions to prevent irreparable damage, but did not, and does not, have the power to deny such request."  Id. at p. 6.  Plaintiff further states her belief that the undersigned (1) "has no power or authority to [deny her request for a full court review]," and (2) has "completely taken advantage of a Pro-Se litigant which is the real reason this Court [and the undersigned has] refused to appoint her counsel, when appointment of counsel has been argued, effectively, and with good faith, as being necessary." Id. at p. 8.  Plaintiff concludes her motion by moving "this

---

    (a)  Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

    (b)  He shall also disqualify himself ... [w]here he has a personal bias or prejudice concerning a party....

28 U.S.C. § 455(a), (b)(1).

court [and the Chief Judge for disqualification of the
undersigned] if she refuses to recuse herself, as well as having
her ordered to completely dissociate herself from this case."
Id. at p. 18.  Plaintiff requests that, if a judge without
"affiliation to the Defendants, each of them" is unavailable,
this "case be immediately removed to the Supreme Court of the
United States for immediate and emergency relief."  Id.

The impartiality of a judge is unquestionably essential to
the judicial process, and recusal is necessary when the
impartiality "might reasonably be questioned."  In re United
States, 441 F.3d 44, 67 (1st Cir. 2006) (citation and internal
quotation marks omitted).  However, a "judge has a duty not to
recuse himself or herself if there is no objective basis for
recusal."  Id.  "Disqualification [under section 455] is not
required on the basis of remote, contingent, indirect or
speculative interests."  United States v. Bayless, 201 F.3d 116,
127 (2d Cir. 2000).

"The proper test ... is whether the charge of lack of
impartiality is grounded on facts that would create a reasonable
doubt concerning the judge's impartiality, not in the mind of
the judge himself or even necessarily in the mind of the
litigant filing the motion ..., but rather in the mind of the
reasonable man."  United States v. Cowden, 545 F.2d 257, 265
(1st Cir. 1976); accord In re Boston's Children First, 244 F.3d

164, 167 n.7 (1st Cir. 2001).  In applying that test, the law is clear that "a judge's prior adverse ruling against a party does not create a reasonable doubt about the judge's impartiality so as to require recusal." Kelley, 712 F.2d at 890; see In re Boston's Children First, 244 F.3d at 167 n.7 (noting that this is so "even when the judicial rulings in question are erroneous").  As emphasized by the United States Supreme Court, "[ ]judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [a]lmost invariably, they are proper grounds for appeal, not for recusal ..." Liteky v. United States, 510 U.S. 540, 555 (1994). To be legally sufficient, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. Berger v United States, 255 U.S. 22, 31 [(1921)]." Liteky, 510 U.S. at n. 1 (citing  United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)).

Here, the facts set forth by plaintiff do not demonstrate a personal bias or prejudice requiring disqualification.  In support of her contention of bias and prejudice, plaintiff has presented assumptions, and not facts.  Because of this, and because the alleged grounds for recusal are primarily based upon

her disagreement with the decisions of this Court, the motion
for recusal is denied.

**III. Plaintiff's Motion for Full Court Review**

Plaintiff brings her second emergency request for full
court review pursuant to 28 U.S.C. § 2284.[4]  Dkt. No. 14.
Plaintiff states that on the civil category sheet submitted with
her complaint, she affirmatively answered several questions
concerning Section 2284.  Id. at p. 2; see also Dkt. No. 1-2
(civil category form).

The completion of a local category sheet, as well as the
civil cover sheet, is required by the local rules of this Court
for the use by the Clerk of the Court to create the docket sheet
and to prepare necessary indices and statistical records.  See
L.R. 3.1 (civil cover sheet).  However, the information on
these administrative forms neither replaces nor supplements the
filing of pleadings.

---

[4] Section 2284 provides:

> (a)  A district court of three judges shall be convened
>      when otherwise required by Act of Congress, or when an
>      action is filed challenging the constitutionality of
>      the apportionment of congressional districts or the
>      apportionment of any statewide legislative body.

28 U.S.C. § 2284(a).

The Supreme Court recently noted that "'[u]pon the filing of a request for three judges, the judge to whom the request is presented shall, *unless [s]he determines that three judges are not required*, immediately notify the chief judge of the circuit, who shall designate two other judges' to serve." Shapiro v. McManus, 577 U.S. 39, 41 (2015) (citing 28 U.S.C. § 2284(b)(1)(2012 ed.)(emphasis in the original)).

Here, plaintiff's complaint alleges a variety of claims against a variety of defendants.  However, it is clear that her request for a three-judge panel fails because the complaint does not assert a claim that is required by an Act of Congress to be referred to a three-judge panel.  She does not challenge the constitutionality of the apportionment of congressional districts and/or the apportionment of any statewide legislative body.  Accordingly, the motion is denied.

**IV.  Plaintiff's Second Motion for Reconsideration**

Plaintiff has filed a second motion for reconsideration of the denial of her motion to appoint counsel. See Dkt. No. 15. In her motion, plaintiff indicates that she cannot afford to pay legal fees and she recounts her unsuccessful efforts to secure counsel.  Id.

Although pursuant to the 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute

8

constitutional right to a free lawyer in a civil case."
DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). The First
Circuit has held that a court's denial of a motion to appoint
counsel is subject to reversal if: (1) a plaintiff is indigent;
and, (2) exceptional circumstances exist such that the denial of
counsel will result in a fundamental unfairness impinging on her
due process rights.  Id.; 28 U.S.C. 1915(e)(1).  "To determine
whether there are exceptional circumstances sufficient to
warrant the appointment of counsel, a court must examine the
total situation, focusing, inter alia, on the merits of the
case, the complexity of the legal issues, and the litigant's
ability to represent himself."  Id.

Nearly all pro se parties that institute litigation are
untrained in the law and have no experience in drafting
pleadings.  Additionally, the Court does not have the funds to
pay attorneys to represent plaintiffs in civil cases.  At this
stage of the proceeding, the Court finds that to utilize the
Court's limited pro bono resources is not warranted and the
motion for reconsideration is denied.

**V.   Plaintiff's Original Complaint is Subject to Dismissal**

Plaintiff's complaint is subject to dismissal for failure
to file an amended complaint and for the reasons stated in the
Court's September 19, 2022 Memorandum and Order.  The Court's

Memorandum and Order explained that in order to proceed, she must file an amended complaint.

Since that time, plaintiff has filed several motions, but has not complied with the Court's order to file an amended complaint.  Although "pro se status does not insulate a party from complying with procedural and substantive law," Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citation omitted), the Court is mindful that "pro se pleadings [are held] to less demanding standards than those drafted by lawyers and [courts] endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.  Dutil v. Murphy, 550 F.3d 154, 158-59 (1st Cir. 2008) (citations omitted).  With this relaxed standard in mind, plaintiff will be granted one final opportunity to file an amended complaint.

## VI.   Plaintiff Must File an Amended Complaint

Any amended complaint filed by plaintiff must comply with the basic pleading requirements of the Federal Rules of Civil Procedure and must also cure the defects identified in the Court's September 19, 2022 Memorandum and Order.

Plaintiff is advised that under the Federal Rules of Civil Procedure, the case caption of the amended complaint must identify all defendants.  Fed. R. Civ. P. 10(a). Also, the amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).  That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count."  Id.  In essence, the amended complaint must succinctly set forth as to each defendant what she claims they did (or failed to do), where it occurred, when it occurred, and the relief she seeks as to each defendant.  Put another way, an amended complaint must clearly identify the claims and relief plaintiff seeks as to each defendant, and provide sufficient factual bases for each of the elements of the claims that she asserts.

While Rule 18(a) of the Federal Rules of Civil Procedure permits plaintiff "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of

unrelated claims against different defendants." Chase v. Chafee, No. 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. CA 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); see Spencer v. Bender, No. 08-11528-RGS, 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). Instead, Rule 20 of the Federal Rules of Civil Procedure provides separate defendants "may be joined in one action as defendants if. . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

**VII. Order**

Accordingly,

1. The motion for recusal (Dkt. No. 13) is **DENIED**.

2. The second emergency motion for full court review (Dkt. No. 14) is **DENIED**.

3. The second motion for reconsideration (Dkt. No. 15) is **DENIED**.

4. If plaintiff wishes to proceed in this matter, she must file on or before November 28, 2022, an amended complaint

that complies with the pleading requirements of the Federal
Rules of Civil Procedure and demonstrates this Court's
jurisdiction.  Failure to timely comply with this directive will
result in the dismissal of this action.

SO ORDERED.


                                /s/ Patti B. Saris
                                PATTI B. SARIS
                                UNITED STATES DISTRICT JUDGE